## J. H. (HEUSE) WYATT V. THE STATE.

### No. 4264.     Decided November 1, 1916.

**1.—Keeping Disorderly House—Indictment—Bawdy House—Election by State.**

Where, upon trial of keeping a bawdy house, the indictment charged the defendant in one count with committing the offense as agent of another, and in another count of the indictment charged him directly with keeping said bawdy house, and both counts were based on the same transaction, the indictment was sufficient, and the State could not be required to elect.

**2.—Same—Continuance—Want of Diligence.**

Where the application for a continuance showed a want of diligence to secure the attendance of the absent witnesses, there was no error in overruling the same

**3.—Same—Evidence—Knowledge of Defendant.**

Where, upon trial of keeping, etc., a bawdy house, the defendant testified that he did not know the character of the women who stayed at the house, etc., there was no error in admitting testimony to show that defendant had knowledge of the character of the women who resorted to and resided at said house, plying their vocation as prostitutes.

Appeal from the County Court of Wichita. Tried below before the Hon. Harvey Harris.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of two hundred dollars and twenty days confinement in the county jail.

The opinion states the case.

*Ralph P. Mathis,* for appellant.—On question of continuance: Rushing v. State, 62 Texas Crim. Rep., 309; Taylor v. State, 73 id., 192; Mansell v. State, 79 Texas Crim. Rep., 48.

On question of election by State: Larned v. State, 41 Texas Crim. Rep., 509; Batchler v. State, 41 id., 501.

On question of insufficiency of the indictment and evidence: Deaver v. State, 30 S. W. Rep., 1071; Scott v. State, 153 id., 871.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of election by State: Novy v. State, 62 Texas Crim. Rep., 492, 138 S. W. Rep., 139.

On question of notice of character of house: Gordon v. State, 60 Texas Crim. Rep., 570; Brown v. State, 48 S. W. Rep., 176; Johnson v. State 32 Texas Crim. Rep., 504.

HARPER, Judge.—Appellant was convicted under an indictment charging him with keeping and aiding, assisting and abetting the keeping of a house where prostitutes were permitted to resort and reside for the purpose of plying their vocation.

The court did not err in overruling the motion to quash the indictment. Both counts were based on the same transaction, one charging him with committing the offense as the agent of T. J. Leachem, and the other charging him directly with keeping. Both counts specifically charge an offense, and it is permissible to charge the offense to have been committed, in different counts, in any of the ways denounced by the statute. Neither is the State required to elect upon which count it will prosecute under such circumstances.

Appellant's motion for a continuance fails to show he exercised diligence to secure the attendance of the absent witness. He waited to have process issued until the day immediately preceding the day the case was called for trial, and it is shown that no one at that time knew the whereabouts of the witness, and appellant does not show that he made any effort to ascertain the location of the witness.

The testimony of Ethel Ward was properly admitted in evidence as conveying knowledge to appellant of the character of the women resorting to and residing at the house, and the further fact they were at that house plying their vocation. Appellant testified he did not know the character of the women and did not know they were plying the vocation of prostitutes while they stayed at the house; that as soon as he ascertained that fact he put the women out of the house. . Ethel

Ward testified she stayed at the house for a month; that her sister and another woman also stayed at this house during all the time she stayed there; that all three were prostitutes plying their vocation, and as carrying knowledge to appellant she testified: "This man Wyatt came to my room several times while I was there and stayed with me a while each time. He had intercourse with me the first night I was up there and told me to be quiet up there. Certainly Wyatt knew what I was doing up there at the house."

The judgment is affirmed. *Affirmed.*