ALBERT WOOLRIDGE v. THE STATE.

No. 6733.   Decided March 8, 1922.

Rehearing Denied April 5, 1922.

1.——Murder—Death Penalty—Statement of Facts—Practice on Appeal.

In the absence of a statement of facts, this court cannot reverse the judgment and remand the cause for a new trial, and must presume that the evidence was sufficient to sustain the conviction.

2.—Same—Rehearing—Statutes Construed—Statement of Facts—Practice on Appeal.

The statute naming the time in which a statement of facts shall be filed in order to entitle it to consideration in this court is binding alike upon the litigant and the court, and where not filed in accord with the terms of the statute, this court is not privileged to consider it unless there are given sufficient reasons for the delay. However, this court not treating the statement of facts as an official one, finds that the evidence is sufficient to support the conviction, under a proper charge of the court.

Appeal from the District Court of Colorado.   Tried below before the Honorable M. Kennon.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*H.A. Townsend*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of the murder of Emma Woolridge. His punishment was fixed at death.

Notwithstanding appellant has been condemned to suffer the severest penalty known to the law, the record is presented to us entirely barren of a statement of facts or a single bill of exception. It appears from the motion for new trial that Emma Woolridge was appellant's wife. The motion attacks the sufficiency of the evidence. We have no way to appraise the merit of the criticism in the absence of the evidence taken on the trial. We must presume it was suf-

ficient to authorize the verdict. The indictment properly charges the offense of murder; the charge of the court is pertinent, and the judgment regular.

It becomes our duty therefore to affirm the judgment.

*Affirmed.*

ON REHEARING.

April 5, 1922.

MORROW, PRESIDING JUDGE.—On March 24, 1922, two motions for rehearing were filed, each signed by seperate attorneys. A statement of facts certified by the official stenographer, and signed by counsel and approved by the judge was filed in this court on the 23rd day of March, 1922. The attorney who tried the case, in the motion for rehearing filed by him, states as a reason for the failure to prepare and file the statement of facts that the court stenographer failed to transcribe his notes and had left the country, and that efforts to locate him have been without success. In the other motion, failure to file it is attributed to neglect. Of course, the statute naming the time in which a statement of facts shall be filed in order to entitle it to consideration here is binding alike upon the litigants and the court, and when not filed in accord with the terms of the statute, this court is not privileged to consider it unless there are given sufficient reasons for the delay.

Without, in the instant case, treating the statement of facts as an official one or analyzing the reason given for failure to prepare and file it within the time prescribed by law, we have carefully read it with the view, on account of the extreme penalty, of adopting some means of ascertaining more definitely whether there existed any cause of delay in filing it which would authorize its consideration. The evidence revealed by it is in substance that the appellant and the deceased, who was his wife, had been married for one or two years. From the State's standpoint, the testimony shows that their relations had not been harmonious; that there had been trouble and quarrels between them. From the appellant's standpoint, the contrary appears.

The owner of the farm upon whose place they were living heard a gun fire, and a few minutes later, reached the premises where he found the remains of the deceased crumpled up in a chair. The appellant was present and stated to the witness that while in the lot he heard a gun fire, and heard his wife exclaim: "Oh, kid, I have shot myself." There was, according to the State's testimony, some blood found upon the clothes of the appellant. The gun was lying upon the floor and a short distance from the body of the deceased. There were no powder burns upon her, and the proximity of the gun was shown by the evidence to have been such as would have caused the powder stains upon her person if fired near her. Appellant said

to the first witness that appeared upon the scene that his wife had shot herself accidentally. He made some contradictory explanations of the blood upon his clothes and shoes. According to said witness, some blood-stained water was found in a pan, the presence of which was unexplained.

The gun-shot wound upon the deceased tore out her tongue and was of a character which rendered speech by her after the shot was fired impossible. In addition to the gun-shot wound, there was a wound inflicted by some sharp instrument upon her face.

Appellant testified and disclaimed having any connection with the homicide other than that on hearing the shot, he went to the house and found his wife in the condition that she was in when the witness arrived; that he called his employer, who lived nearby, and told him that his wife had accidentally shot herself. He also testified that the exclamation, "Oh, kid, I have shot myself," which he heard her make, was before the shot was fired.

The only point made in the motion for rehearing is that the evidence is not sufficient to justify the extreme penalty. There are no mitigating facts set up nor revealed by the statement of facts. The sole issue is whether the appellant killed her. If he did, the evidence, while controverted, touching their previous unfriendly relations and quarrels, together with the manner of the killing, present the matter in a way that this court would not be justified in saying that, as a matter of law, there was no basis for a finding of express malice. Whether the homicide was committed by him or nôt was to be solved from the circumstances. The court submitted the issue to the jury in a charge embodying circumstantial evidence of which no complaint is made and in which we have observed no faults.

But three theories can arise from the evidence, namely: accident, suicide, and the guilt of the appellant. The number and nature of the wounds, the locality of the gun, the absence of powder stains and the position of the deceased are inconsistent with the theory of either accident or suicide. At least they are of a character to support the verdict of the jury to that effect. The appellant's proximity to the deceased at the time the shot was fired, according to his admission, apparently excludes the idea that the offense may have been committed by another. The jury was warranted under the facts in treating his explanation of the homicide as untrue. The state of the record is such that we would not be warranted in reversing the judgment, even if we had before us the statement of facts filed in a timely and orderly manner.

The motion for rehearing is therefore overruled.

                                                      *Overruled.*