JIM CRAVER, JR. v. THE STATE.

No. 7020.    Decided June 14, 1922.

Rehearing Denied October 18, 1922.

1.—Burglary—Bills of Excepion—Practice on Appeal—Extension of Time.

Where the bills of exception are filed too late, even after an extension of time, the same must be stricken from the record.

2.—Same—Sufficiency of the Evidence.

Where upon trial of burglary, the evidence was sufficient to sustain the conviction, there was no reversible error.

3.—Same—Rehearing—Practice on Appeal.

Where upon motion for rehearing, the appellant again urged the insufficiency of the evidence, because the same was wholly circumstantial, the court, after a second careful consideration of the testimony, finds that the judgment should be affirmed and the motion for rehearing overruled.

Appeal from the District Court of Hill. Tried below before the Honorable Horton B. Porter.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Smith & Clarke,* for appellant.—Cited: Warren v. State, 106 S. W. Rep., 132. Hightower v. State, 237 id., 1112.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted in the District Court of Hill County of the offense of burglary, and his punishment fixed at two years in the penitentiary.

We are met at the threshold of the consideration of this case by motion of the State to strike from the record appellant's bills of exceptions because filed too late. The trial term of the court below ended February 18, 1922. In the order overruling appellant's motion for new trial he was granted thirty days after adjournment in which to file bills of exception. On March 16 appellant asked for

an extension of said time and the court then entered an order granting twenty days time in addition to that already given. Fifty days from February 18 would expire April 9. Appellant's bills of exception were filed April 17. This was too late. The State's motion to strike out must be sustained.

There remains only the question of the sufficiency of the evidence. The testimony for the State showed that on the night in question a barn under the control of the prosecuting witness was burglariously entered and a quantity of pecans and some sacks were taken therefrom. It rained that night. On the next day the prosecuting witness and two other men found the tracks of four persons leading to and also from said barn. The tracks were followed to the house of Jim Craver, Sr., the father of appellant. On track was followed from the house of Jim Craver, Sr., across the field to the home of appellant. These tracks were measured. The shoe worn by appellant on said night was measured and corresponded, according to the testimony of said witness, with one of the tracks traced from the burglarized barn. Two sacks of pecans were found hidden under a haystack at the home of appellant's father, which were identified by prosecuting witness as his pecans and being in his sacks. Some pecans were found at the home of appellant which were also claimed by the prosecuting witness as his. The case was one of circumstantial evidence. The jury heard the testimony supporting the claims of the defense and also of the State and resolved the contradictions in such testimony in favor of the State.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

### ON REHEARING.

### October 18, 1922.

HAWKINS, JUDGE.—In his motion for rehearing appellant urges that the evidence relied upon by the State being wholly circumstantial, is not of that probative force required by the law, and is, therefore, not sufficient to support the judgment of conviction. The statement of facts consists of eighty-two type-written pages, and it is impracticable to undertake to set out in detail all of the evidence upon which the State relied for a conviction. The premises burglarized was a barn, from which pecans were stolen. Four sets of tracks were discovered leading from the house of Jim Craver, Sr., to the barn and also returning to the house. On the afternoon and early in the night prior to the burglary heavy rains fell, which would in the natural course of things obliterate tracks which had been made prior thereto. The tracks both going to and from the barn are shown by the witnesses to have been made during the night some time after the rain. They are described in detail and as we gather from the

evidence were followed uninterruptedly from the house to the barn and back. At the wood pile of Jim Craver, Sr., three of the returning tracks were lost, but one continued on to the house of appellant, Jim Craver, Jr. One of the tracks between the barn and premises of Jim Craver, Sr., was made by a run-down shoe with tacks in the toes. A resident of that house was found to wear a shoe corresponding exactly with these tracks. Another was made by large shoes, one of which only was half-soled. Jim Craver, Sr. was found to have a pair of shoes corresponding to this description. The tracks which led from the barn to Jim Craver's, Sr. and on to Jim Craver's, Jr. were measured and the shoe of this appellant, Jim Craver, Jr. was measured and corresponded thereto. Under a hay stack near the house of Jim Craver, Sr., two sacks of pecans were found which were positively identified by the owner of the burglarized barn as not only being part of the pecans which he lost, but the sacks in which they were found were also identified as his sacks. No tracks could be followed from the wood pile to this hay stack on account of straw being scattered about and the tracks of animals round about, but the straw showed to have been disturbed after the rain. These pecans were claimed by one John Henry McCulloch (the owner of the run-down shoes) who lived at the house of Jim Craver, Sr. No explanation is offered as to why it was thought necessary to conceal the pecans in the hay stack. Other pecans were discovered at the house, but Thomas denied ownership of these, and identified the "hay stack" pecans as having been gathered by him off of one tree, they being of a very peculiar shape. At the house of Jim Craver, Jr., there were also found some pecans in a box, over which some of the witnesses say there was cottonseed. These pecans were claimed by appellant but were identified by Thomas as his pecans. He gives his reasons for so asserting as follows:

That when he (witness) gathered the pecans he burned the trash and leaves under the tree; that after burning off the leaves and trash he knocked the pecans down; that they were "ashy" and others that he had not picked up before burning appeared to be scorched and parched. He said this was the condition of the pecans when he gathered them and put them in the barn, and that he found pecans to match them in appellant's box. We have stated so much of the testimony on account of the insistence with which appellant contends the evidence is insufficient to support the conviction.

We regret that we are unable to bring our minds in accord with his view of the matter, but after a second careful review of the testimony, are convinced that the proper disposition was made of the case in the original opinion, and the motion for rehearing will be overruled.

*Overruled.*