### J. W. STEWART V. THE STATE.

No. 11322.  Delivered January 11, 1928.

Rehearing denied February 15, 1928.

**1.—Establishing a Lottery—Statement of Facts—Filing Time—In Misdemeanor Cases—Rule Stated.**

In misdemeanor cases, the appellant is required to file the statement of facts and bills of exception within thirty days after the adjournment of court, unless before the expiration of that time the trial judge, for good cause shown, extends the time within which they may be filed. An extension of time cannot be granted after the expiration of the thirty days, or the additional time thereafter, which may have been granted. See Miller v. State, 267 S. W. 487; Mireles v. State, 266 S. W. 418.

#### ON REHEARING.

**2.—Same—Writ of Certiorari—To Perfect Record—Refused.**

Where appellant requests a writ of certiorari to perfect record as to time granted for filing statement of facts, and his motion on its face discloses that the extension of time, which he claimed was granted, had already expired before said statement was filed, the writ is refused. See Craver v. State, 92 Tex. Crim. Rep. 430, and other cases cited.

**3.—Same—Bills of Exception—Incomplete—No Error Presented.**

Where bills of exception fail to set out the surrounding facts and circumstances of the incident complained of, and no statement of facts is found in the record, we are unable to appraise such bills.

Appeal from the County Court at Law No. 1 of Tarrant County. Tried below before the Hon. David McGee, Judge.

Appeal from a conviction for establishing a lottery, penalty a fine of $150.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE. — The offense is unlawfully establishing a lottery, punishment fixed at a fine of $150.

The trial took place at a term of the County Court which adjourned on the 4th day of June, 1927. On September 3, 1927, there was filed in the County Court a statement of facts, and on September 1 several bills of exception were filed. Under the law the appellant was required to file the statement of facts and bills of exceptions within thirty days after the adjournment of court, unless before the expiration of that time the trial judge or court, for good cause shown, extended the time within which the statement of facts and bills of exception might be filed. See Art. 760, Subd. 5, C. C. P., 1925; Gribble v. State, 210 S. W. 215. The thirty days allowed by statute expired on the 4th day of July. On the 27th of that month the judge entered an order granting sixty additional days within which the statement of facts and bills of exceptions might be filed. Such order was unauthorized. To be effective the order should have been made before the expiration of July 4. See Miller v. State, 267 S. W. 487; Mireles v. State, 266 S. W. 418. This court is not permitted to consider either the statement of facts or the bills of exceptions.

No fundamental error has been pointed out or discovered, and no ruling of the court has been presented for review.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files his motion for rehearing, praying in connection therewith for a writ of certiorari to perfect the record, accompanying said motion by a certified copy of an order of the trial court of date July 2, 1927, granting him an extension of sixty days in which to file statement

of facts and bills of exception. The order overruling appellant's motion for new trial was of date of June 4, 1927. Considering the order of the court as shown by the certified copy appended to appellant's motion, as we would consider it if the writ was granted and the certified copy of said order should be sent back here by the clerk of the court below, we observe that our holding that the bills of exception were not filed in time, was erroneous. We so held, relying upon the record before us, but giving effect to the order of extension on July 2—which was made within the thirty days allowed by statute after the overruling of the motion for new trial—this gave to appellant ninety days from June 4, 1927, in which to file his bills of exception and statement of facts. This ninety-day period expired on September 2, 1927. The statement of facts was not filed until September 3. Same was filed too late for our consideration. Craver v. State, 92 Tex. Crim. Rep. 430; Gowan v. State, 73 Tex. Crim. Rep. 222; Council v. State, 78 Tex. Crim. Rep. 222; Woolridge v. State, 91 Tex. Crim. Rep. 430.

Appellant's bills of exceptions were filed on September 1, and were within the ninety-day period granted by law and the extending order of the court now appearing in the record. We have carefully examined each of said bills. Bill of exceptions No. 1 complains that a witness testified that he had information there was gambling going on at appellant's place. The objection to the testimony was that it was hearsay. For aught we know it might appear from the statement of facts, if same was properly before us, that some witness had testified in regard to this information.

Bill of exceptions No. 2 presents a number of objections to different things, and the court's action upon all of them. The bill might be passed with the statement that same is multifarious, but we observe that the objections, while stated at length, appear unsupported by any facts in the bill by which we may determine whether the objections were well taken or not. One who takes a bill of exceptions should make as part of his bill a statement of the facts, so that verification of the bill by the trial court may bring before us this support of the stated objection. A bill of exceptions complaining that the alleged gambling devices or machines were tried out by people and found to be in working order, at times when appellant was not present, would not seem open to the objection made that this was inadmissible because the tests were not made in the presence of the accused. We do not think the objection resting upon the proposition that the complaint and information were

bad because they did not allege that the coin used in working the alleged gambling device, was current money, is meritorious. The device might be a lottery and fall within every forbiddance of the statute whether the coin used to operate it was current money of the United States or any other character of coin.

A bill of exceptions complains of the refusal of an instructed verdict. We do not think same presents any error.

Further than to consider appellant's bills of exception, which we conclude present no error, the motion for rehearing will be overruled.

*Overruled.*