### HOOPER, Sheriff, v. DEISHER.

#### No. 4944.

Court of Civil Appeals of Texas. Amarillo.

Feb. 7, 1938.

Williams & Day, Charles H. Dean, and Vincent Tudor, all of Plainview, and Joe S. Moss, of Post, for appellant.

Lockhart & Brown, of Lubbock, and T. L. Price, of Post, for appellee.

JACKSON, Chief Justice.

In November, 1934, at a regular election, J. K. Hooper was elected sheriff of Hale county, and thereafter, on January 1, 1935, was inducted into the office, which position on all of the dates here involved he continued to hold.

On December 28, 1936, a man by the name of E. P. Hammer was unlawfully killed in Hale county about three miles west of Plainview, and in his official capacity, Mr. Hooper sought to discover and apprehend the perpetrator of the crime. While investigating this unlawful killing, the sheriff was assisted by some state officers, among whom was A. L. Barr, senior investigator of the department of public safety.

On May 24, 1937, on information obtained from Lawrence Brady, Mr. Barr made before the district attorney, at his office in the courthouse at Plainview, a legal complaint charging O. O. Deisher with the murder of E. P. Hammer. Mr. Deisher had resided in Hale county for sixteen years, and had been known by the sheriff for approximately fifteen years; the district attorney filed the complaint against Mr. Deisher with J. P. Seyler, justice of the peace of precinct No. 1, who had his office in the courthouse at Plainview, and Mr. Hooper learned that the complaint had been made and lodged with said justice, but he obtained no warrant, and none was issued.

Lawrence Brady, on whose information Mr. Barr based his complaint of murder against Mr. Deisher, was afterwards tried, convicted, and sent to the penitentiary for the unlawful killing of E. P. Hammer.

On the day the complaint was filed, the sheriff, at the request of two state officers, endeavored to find and arrest Mr. Deisher, although no warrant had been or was issued until Friday, the 27th, three days after the complaint was made. Some time on the morning of Tuesday the 25th, the sheriff found Mr. Deisher on one of the public streets of the city of Plainview, arrested

him without a warrant, directed him to get in his automobile, and immediately proceeded from Plainview to Lubbock with his prisoner, without his consent. During this trip, the sheriff refused to inform his prisoner what charge he had against him; said such information would be given to him by the state officers; and that no warrant was needed for his arrest. At Lubbock the sheriff remained a short time trying to find these two state officers on whose request he had made the arrest, but failing, proceeded with his prisoner, accompanied by a state highway patrolman, from the city of Lubbock through Garza, Scurry, and Nolan counties and into the town of Abilene in Taylor county, at which place Mr. Barr was found, and, with the sheriff and some other officers, locked the prisoner in jail. On Saturday thereafter, the sheriff, at Mr. Barr's request, and by whom he was accompanied, carried the prisoner to Coleman, Tex., where he was again placed in jail and kept until Sunday and then discharged, and he returned to Plainview with the sheriff.

The record discloses that from the time of Mr. Deisher's arrest in Plainview on Tuesday the 25th by Mr. Hooper, he was a prisoner and restrained of his liberty until released on the following Sunday at Coleman, Tex.; that neither the sheriff nor any of the officers who assisted him in holding the prisoner had a warrant authorizing such arrest and imprisonment; that he was under arrest and restrained of his liberty on the entire trip across Garza county.

On a sufficient petition this suit was instituted by O. O. Deisher in the district court of Garza county against J. K. Hooper, the sheriff of Hale county, and the surety on his official bond, the Maryland Casualty Company, to recover alleged damages in the sum of $2,500 for false imprisonment.

In due time and in proper form, Mr. Hooper filed his plea of privilege requesting that the suit be removed to Hale county, where he resides. O. O. Deisher filed a controverting affidavit, attached thereto his petition and made it a part thereof, alleged in substance the facts heretofore recited, said that he was falsely held a prisoner in Garza county, that he sustained damage thereby, and the district court of said county had venue by reason of subdivision 9 of article 1995 on crime or trespass.

A hearing was seasonably had and the plea of privilege overruled by the court, from which judgment Mr. Hooper appeals.

It is not contended that the sheriff had a warrant at the time he arrested Mr. Deisher, nor that he was authorized without a warrant under articles 212, 213, and 215 of the Code of Criminal Procedure of Texas 1925. Article 239 of the Code of Criminal Procedure 1925, stipulates: "A person is said to be arrested when he has been actually placed under restraint or taken into custody by the officer or person executing the warrant of arrest."

Article 1169 of the Penal Code 1925, provides that: "False imprisonment is the wilful detention of another against his consent and where it is not expressly authorized by law, whether such detention be effected by an assault, by actual violence to the person, by threats or by any other means which restrains the party so detained from removing from one place to another as he may see proper."

In 19 Tex.Jur. 554, par. 11, it is said: "False imprisonment, as defined in the decisions that discuss civil liability therefor, is a wrongful interference with the personal freedom of an individual—'the direct restraint by one person of the physical liberty of another without adequate legal justification.'"

The sheriff admits that he had Mr. Deisher under arrest during the trip through Garza county and would not have permitted him to escape, and that at no time did he have in his possession a warrant of arrest. Under the conditions revealed by this record, the sheriff was without adequate legal justification for arresting Mr. Deisher, and, certainly, after he left the boundaries of Hale county with his prisoner, he had no more authority than a private citizen. In our opinion, there is no escape from the conclusion that he was guilty of committing a trespass in Garza county. McBeath v. Campbell et al., Tex.Com.App., 12 S.W.2d 118; Hubbard v. Lord, 59 Tex. 384; 43 Tex.Jur. 734; Bowers et al. v. Bryant-Link Co. et al., Tex.Com.App., 15 S.W.2d 598.

The judgment is affirmed.