RALPH O. LUCAS v. THE STATE.

No. 23987. Delivered March 31, 1948.
Motion for Rehearing and Application for Writ of Certiorari
Denied May 19, 1948.

Appellant represented himself.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The conviction is for theft, a felony. The punishment assessed is confinement in the state penitentiary for a period of ten years.

The indictment and all other matters of procedure appear to be in regular form. The record is before us without a statement of facts or bills of exception, in the absence of which no question is presented for review.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a motion for a rehearing in which he claims that this court erred in declining to sustain his contention that the trial court abused his discretion in overruling his motion for a continuance based on the absence of three named witnesses; that thereby he was denied the equal protection of the law.

The record, as stated in our original opinion, is before us without any bills of exception or statement of facts, in the absence of which we are unable to pass upon any question raised in his brief or motion for rehearing except the sufficiency of the indictment which seems to be in due form. His motion for a continuance does not even show when he applied for process for said witnesses. If he did so a day or two before his trial, he failed to exercise due diligence because he was indicted on the 18th day of June, 1947, and was not tried until the 9th day of September, 1947. However, he took no exception to the action of the trial court which was a necessary prerequisite to get the question reviewed by this court.

Appellant also filed with the clerk of this court an unverified application for a writ of certiorari to be issued by this court commanding the clerk of the trial court to furnish this court a complete certified copy of all the record in this cause. This application for such a writ is wholly deficient for the following reasons, to-wit: first, the application is not sworn to by appellant, and second, he alleged therein that there were certain papers on file in said court that are not incorporated in the record. He does not specify any particular paper or papers that were omitted from the record which should have been in-

cluded in the application. Vol. 4, Tex. Jur., page 489, Sec. 341, states the rule to be as follows: "Before certiorari will issue it must be shown and verified in some manner that the record is deficient in respect of the matters sought to be corrected; the motion or application must show wherein the transcript is deficient or what portion has been incorrectly transcribed. * * * The application must also make it appear that the defect could be cured by awarding the certiorari; and must show the existence of papers or records sought to be brought up; etc." See Nunn v. State, 40 Tex. Cr. R. 435 (50 S. W. 713) ; and Stewart v. State, 108 Tex. Cr. R. 661 (2 S. W. (2d) 440).

Therefore, the motion for rehearing, as well as the application for a writ of certiorari, is overruled.

Opinion approved by the Court.