**Spencer Grover BUSE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41592.**

Court of Criminal Appeals of Texas.

Nov. 27, 1968.

Rehearing Denied Jan. 22, 1969.

Bernard & Bernard, Thomas D. White, Houston (On Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., Houston, James C. Brough and Gene Miles, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for the unlawful possession of barbiturates; the punishment, eighteen months in jail.

Appellant's sole ground of error is the contention that the contraband was obtained as the result of an unlawful arrest and illegal search and seizure.

By objections made at the trial, appellant questioned the legality of his arrest and seizure of the contraband.

The state's evidence shows that on the night of June 4, 1967, the appellant came into a service station in Houston, around 10:30 p. m., and engaged the night manager, Jerry Bromburg, in conversation. While they were talking, appellant took two yellow pills from a cigarette package, told Bromburg they were "yellow jackets," and offered to sell them to him for 50¢ each. Bromburg declined, and appellant left, driving west on Bissonnet Street in a Nash Rambler automobile.

Two city of Houston police officers, Seires and Adcock, were dispatched to the scene and arrived within fifteen or twenty minutes after appellant departed. After talking to the station attendant and being given the appellant's name and a description of the car he was driving, the officers left the station and traveled west on Bissonnet. After having driven approximately one and a half miles and crossing over into the city limits of Bellaire, the officers observed a car parked on Bissonnet which fitted the description given them. They stopped the patrol car and then got out and proceeded to look into the Rambler, with the use of a flashlight. Around 11 p. m., while checking the car, they observed the appellant walking toward them. After appellant was asked and had given his name, the officers observed that he had two yellow capsules in his right hand, between his thumb and forefinger. They asked him what he had in his hand and appellant stated that he had nothing but his car keys. Officer Adcock took the keys from his hand, and at such time appellant "made a pitching motion behind him * * * Towards the street * * *." Officer Adcock then grabbed appellant and placed handcuffs on him, and Officer Seires went out in the street some ten feet

and found two yellow capsules lying approximately two feet apart.

It was stipulated that chemist and toxicologist Floyd McDonald, of the Houson police department, would testify that he examined the two capsules and found them to contain a derivative of barbiturates, a dangerous drug.

It is appellant's contention that the two city of Houston police officers were without lawful authority to arrest him in the city of Bellaire, which was outside their jurisdiction, and that the two capsules were therefore recovered as a result of an unlawful arrest and illegal search.

It is the state's position that the arrest was lawful and also that the evidence was not obtained as the result of a search and seizure.

■ Under the facts, we hold that the arrest and search of appellant by the city officers outside the jurisdictional limits of the city of Houston was unlawful and that the ground of error should be sustained.

In Irwin v. State, 147 Tex.Cr.R. 6, 177 S.W.2d 970, cited by appellant, this court stated that the territorial jurisdiction of policemen is restricted to the confines of the city in holding that they were without lawful authority to execute search warrants outside the city limits.

It should be pointed out that appellant was not arrested following hot pursuit by the officers for an offense committed in the city of Houston which, under the decision of this court in Minor v. State, Tex.Cr. App., 219 S.W.2d 467, would authorize such arrest.

Winfield v. State, 163 Tex.Cr.R. 445, 293 S.W.2d 765, cited by the state, is not here controlling, because in that case the arrest made by the city officers outside the city limits was for a traffic violation for which any peace officer was, by statute, authorized to make an arrest without warrant.

■ Nor do we agree that the two capsules were not recovered by the officers as the result of a search. The record shows that Officer Adcock was in the act of taking or had just taken the keys from appellant's hand when appellant made the motion toward the street.

In King v. State, Tex.Cr.App., 416 S.W.2d 823, cited by the state, the contraband was thrown from an automobile which the officers were following, and clearly there was no search.

Such are not the facts presented in the instant case.

■ We do not agree with the state's contention that any error in the admissibility of the evidence pertaining to the search was cured by appellant's testimony relative to the finding of the capsules on the ground near him. While appellant did testify relative to the officer's finding the capsules on the ground, throughout his testimony he denied having possessed the capsules or having thrown them to the ground.

In reversing this conviction it should be observed that appellant's arrest was prior to the effective date of the amendment of Art. 14.01, Vernon's Ann.C.C.P., by the 60th Legislature (Acts 1967, Ch. 659, Sec. 8, effective August 28, 1967), in which Sec. (b) was added to the statute, and reads:

"A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

Had appellant's arrest been for possessing a narcotic drug, a felony, or been made after the effective date of the amendment of Art. 14.01, supra, under the facts shown it would have been lawful.

The judgment is reversed and the cause is remanded.