Charles Delmon **PEOPLES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44524.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Rehearing Denied April 12, 1972.

Wayne B. Ames, Don R. Wilson, III, Abilene (Court appointed on appeal), for appellant.

Ed Paynter, Dist. Atty., Lynn Ingalsbe, Asst. Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, twelve (12) years.

The record on appeal is defective. Both briefs were not timely filed and, therefore, nothing is presented for review. Art. 40.09, Sec. 10, Vernon's Ann.C.C.P. However, "in the interests of justice," the Court will review two of appellant's grounds of error. Art. 40.09, Sec. 13.

In the early morning hours of January 1, 1970, burglars entered Thornton's Department Store in Abilene, by smashing a portion of the glass on the front door, and took a number of men's suits. Although there was no blood on the glass, officers found what they believed to be drops of blood leading out from the store and running down the street. However, these stains and some on the suits which were later recovered as well as fingerprints found in the store were insufficient to determine type or identity.

While officers were conducting an investigation at the scene of the crime, a man drove up to them and asked if there had been a robbery and if there was any blood at the scene. He then told them that a colored woman and man were attempting to trade him some men's suits for a used car at his nearby lot. Appellant did not object to this line of questioning. Upon arriving at the used car lot, officers identified the couple as Lavada Rivers, also known as Lavada Webber, and appellant Charles Delmon Peoples. Appellant's thumb was wrapped in a rag. Both were put under surveillance. After their transaction at the lot, the couple separated and were not seen together again.

During the course of the day officers observed Lavada Rivers carry bundles which appeared to be men's clothing wrapped in bed sheets from a house at 896½ Mesquite and transfer them to various other locations. She was arrested in her car outside the premises for a traffic violation. Men's suits were found in the car. A search warrant which was issued earlier for 896½ Mesquite was then executed and other suits recovered. Appellant was arrested in a car outside the premises after he arrived there, with another man, while officers were executing the search warrant. At the time of his arrest there was a cut on the upper portion of his right thumb.

Officers also obtained a rent receipt stub from the landlady of 896½ Mesquite which had Peoples' name on it.

At the trial the landlady testified she rented the house to Charles Peoples. Appellant's mother testified he was at her home from late afternoon on December 13 until daybreak and that he cut his finger on a knife sharpener.

Appellant contends that he was entitled to have Lavada Rivers,[1] who, at the time

---

1. She was found guilty of receiving and concealing stolen property in Cause No. 3839–B and received a probated sentence which was subsequently revoked.

of the trial, was incarcerated in the Texas Department of Corrections, testify in his behalf and that the court erred in denying his application for attachment of a convict witness under Article 24.13, V.A.C.C.P.,[2] and in overruling his motion for continuance.

We shall treat both contentions together. Neither was timely filed and, therefore, not subject to review.

█ If a defendant does not apply for process of a witness until a day or two before his trial, he has failed to exercise the due diligence which is necessary to support a motion for continuance, particularly where several months have elapsed between the date of the indictment and the date of the trial. Lucas v. State, Tex.Cr. App., 211 S.W.2d 222, cert. den., 334 U.S. 852, 68 S.Ct. 1507, 92 L.Ed. 1775; Wyatt v. State, 80 Tex.Cr.R. 281, 190 S.W. 153; Tindol v. State, 156 Tex.Cr.R. 187, 239 S. W.2d 396; Meredith v. State, 171 Tex.Cr. R. 359, 350 S.W.2d 550. It has been held that the refusal to order the return of the mother of the accused from the penitentiary so that she might be a witness in his behalf was not error where diligence had not been shown to secure her attendance and granting of the belated request would have delayed the trial. Adame v. State, Tex. Cr.App., 372 S.W.2d 545.

█ Further, in order to successfully complain of the court's failure to grant a motion for continuance or denying an application for attachment of a convict witness it is necessary to attach to the motion for new trial either an affidavit from the missing witness stating what he would have testified to or a statement, under oath, showing why the same was not se-

cured before the motion was filed. Massoletti v. State, 165 Tex.Cr.R. 120, 303 S.W. 2d 412; Morris v. State, 158 Tex.Cr.R. 516, 251 S.W.2d 731, and Gonzales v. State, 161 Tex.Cr.R. 488, 278 S.W.2d 167. Neither is present in the record of the case at bar.

Accordingly, the judgment is affirmed.

---

2. In his brief, counsel states that under Art. 24.13, V.A.C.C.P., appellant is entitled to have Lavada Rivers testify at his trial, notwithstanding the provisions of "Article 89 of the Penal Code which prohibits principles, accomplices and accessories to testify for each (sic) . . . ." Counsel's attention is called to the fact that in Judge Onion's Special

Commentary following Article 24.13, V.A. C.C.P., his reference to "Article 89," V.A.P.C. is a misprint and should read "Article 82." Had counsel checked the Penal Code he would have discovered that Article 89 is in the chapter dealing with misapplication of public money and that Article 82 was repealed in 1967.