**William Adams GREEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45719.**

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

Hartsfield, Flynt & Pickett, Winnsboro, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the misdemeanor offense of driving a motor vehicle upon a public highway while intoxicated; the punishment, confinement for one year in the County Jail, and a fine of fifty dollars, with the confinement in the County Jail probated for one year.

The appellant was represented by retained counsel. The record reflects that the record was approved on March 16,

1972. On April 14, 1972, the time for filing the appellant's brief was extended to April 21, 1972. The appellant's brief was not filed until April 25, 1972, and therefore does not meet the requirements of Article 40.09, Section 9, Vernon's Ann.C.C.P. This court will only review those questions which "should be reviewed in the interest of justice." Article 40.09, Section 13, V.A.C.C.P. Vale v. State, 491 S.W.2d 671 (Tex.Cr.App.1973); Smith v. State, 478 S.W.2d 947 (Tex.Cr.App.1972); Peoples v. State, 477 S.W.2d 889 (Tex.Cr.App. 1972); Stoddard v. State, 475 S.W.2d 744 (Tex.Cr.App.1972).

Appellant contends his arrest was unlawful and therefore the testimony concerning appellant's condition after his arrest was inadmissible.

A police officer for the City of Winnsboro, while on patrol accompanied by two other officers within the city limits, recognized the appellant driving an automobile and attempted to stop him for traffic offenses committed within view of the officer. The appellant ignored the officers' signals to stop and sped out of the city at a high rate of speed followed by the officers. In a short time the officers lost sight of the appellant's automobile. After they had driven several miles they turned around and started back to Winnsboro. They soon overtook and arrested appellant who had eluded them and was driving back toward Winnsboro.

■ The appellant does not contend that the officer was without probable cause to arrest him within the city limits of Winnsboro, but asserts that the officer did not have the authority to make the arrest outside the city limits of Winnsboro.[1] A city police officer is a peace officer. Article 2.12, V.A.C.C.P. As a peace officer he is authorized to make arrests outside the city limits where he serves. See Article 14.01(b), V.A.C.C.P.;[2] Article 803, Vernon's Ann.P.C.;[3] Article 6701d, Sec. 153, Vernon's Ann.Civ.St.[4] and Buse v. State, 435 S.W.2d 530 (Tex.Cr.App.1968); Milligan v. State, 343 S.W.2d 455 (Tex.Cr.App.1961); Gonzales v. State, 320 S.W.2d 9 (Tex.Cr.App.1959); Watson v. State, 466 S.W.2d 783 (Tex.Cr.App.1971); Winfield v. State, 163 Tex.Cr. 445, 293 S.W.2d 765 (1955) and Hurley v. State, 155 Tex.Cr.R. 315, 234 S.W.2d 1006 (1950).

The judgment is affirmed.

Opinion approved by the Court.

---

1. It is appellant's position that a city officer is authorized to make an arrest outside the city limits where he serves only if he is in immediate or hot pursuit. See Minor v. State, 153 Tex.Cr.R. 242, 219 S.W.2d 467 (1949). He has urged that this doctrine is not applicable to the facts in this case because the officers lost sight of the appellant as they were pursuing him. In view of our decision it is not necessary to determine whether the officers were still in immediate or hot pursuit after losing sight of the appellant.

2. Article 14.01(b), V.A.C.C.P. as amended by Acts 1967, 60th Leg., p. 1735, ch. 659, § 8, eff. Aug. 28, 1967, provides:
"A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."

3. Article 803, V.A.P.C. provides:
"Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of the preceding articles of this chapter."

4. Article 6701d, Sec. 153, V.A.C.S. provides:
"Any peace officer is authorized to arrest without warrant any person found committing a violation of any provision of this Act."