

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 6, 1974

The Honorable J. Albert Dickie
County Attorney, Coryell County
Gatesville, Texas    76528

Opinion No. H- 296

Re: Validity of contracts made
between the city of Copperas
Cove and Central Texas
Council of Governments under
Interlocal Cooperation Act
Article 4413 (32c), V. T. C. S.

Dear Mr. Dickie:

You have asked our opinion concerning the validity of certain
contracts entered into between the city of Copperas Cove and the Central
Texas Council of Governments (CTCOG) and, parenthetically, a similar
contract between Coryell County and the Central Texas Council of Govern-
ments.

The purpose and effect of these contracts is to provide a cooperative
law enforcement effort in apprehending and arresting drunken drivers in
the area. Your concern is that pursuant to the agreement peace officers
commissioned by the city of Copperas Cove are making arrests outside
the city limits.

The CTCOG has furnished us with a copy of a revised contract
between the CTCOG and various counties and cities. An important difference
between the contracts is that the latter contract gives the CTCOG authority
to provide coordination only and provides no power for the Council to
control law enforcement activities. Our comments are directed exclusively
to the latter agreement.

We believe that this contract, and the activities of the respective
political subdivisions pursuant thereto, is valid and authorized. Its

statutory basis is Article 4413 (32c), V. T. C. S. , known as The Interlocal Cooperation Act.   Section 4 (a) of this statute provides as follows, with emphasis added:

> "Any local government may contract or agree with one or more local governments to perform governmental functions and services under terms of this Act. "

Section 3 (1) of the Act defines "local government" as follows:

> " 'local government' means a county; a home rule city or a city, village, or town organized under the general laws of this state; a special district; a school district; a junior college district; any other legally constituted political subdivision of the state; or a combination of political subdivisions. " (emphasis added)

Section 3 (2) defines "governmental functions and services" to include "police protection and detention services. "

The Central Texas Council of Governments is a "regional planning commission" authorized and established under Article 1011m, V. T. C. S. Section 4 (a) of this Act provides that "a Regional Planning Commission shall be a political subdivision of this State," thus qualifying it as a "local government" under § 3(1) of 4413 (32c).

Your concern over the extraterritorial arrests made by officers commissioned by the city of Copperas Cove is answered by Green v. State,   490 S. W. 2d 826 (Tex. Crim. 1973) which involved a conviction for driving a motor vehicle upon a public highway while intoxicated. The court upheld the conviction stating:

> "The appellant does not contend that the officer was without probable cause to arrest him within the city limits of Winnsboro, but asserts that the officer did not have the authority to make the arrest outside the city limits of Winnsboro.   A city police officer

is a peace officer.   Article 2.12,  V. A. C. C. P.  As a peace officer he is authorized to make arrests outside the city limits where he serves.   See Article 14. 01 (b), V. A. C. C. P. ; Article 803,  Vernon's Ann.  P. C. ; Article 6701d, Sec.  153,  Vernon's Ann.  Civ.  St.  and Buse v. State,  435 S. W.  2d 530 (Tex.  Cr.  App.  1968); Milligan v.  State,  343 S. W.  2d 455 (Tex.  Cr.  App. 1969); Gonzalez v.  State,  320 S. W.  2d 9 (Tex.  Cr. App.  1959); Watson v.  State,  466 S. W.  2d 783 (Tex. Cr.  App.  1971); Winfield v.  State,  163 Tex.  Cr.  445, 293 S. W.  2d 765 (1955) and Hurley v.  State,  155 Tex. Cr.  R.  315,  234 S. W.  2d 1006 (1950). " (490 S. W.  2d at 827).

Even if the above authorities are given a limited and carefully circumscribed interpretation, we believe the arrests are substantially authorized by the recent amendment to Article 999b, V. T. C. S. , Acts 1973, 63rd Leg. , ch.  587, p.  1626, providing:

"Sec. 2a.   A county or municipality may by resolution or order of its governing body enter into an agreement with any neighboring municipality or contiguous county to form a mutual aid law enforcement task force to cooperate in the investigation of criminal activity and enforcement of the laws of this state.   Peace officers employed by counties or municipalities entering into such agreements shall have only such additional investigative authority throughout the region as may be set forth in the agreement.   The counties or municipalities shall provide for compensation of peace officers involved in the activities of a mutual aid law enforcement task force, which provision for compensation shall be contained in the agreement.

"A law enforcement officer employed by a county or municipality covered by an agreement

authorized by this section may make arrests outside the county or municipality in which he is employed, but within the area covered by the agreement, provided however, that the law enforcement agencies within such county or municipality shall be notified of such arrest without delay.   Such notified agency shall make available the notice of such arrest in the same manner as if said arrest were made by a member of the law enforcement agency of said county or municipality. "

Article 14. 01 (b),  Texas Code of Criminal Procedure,  cited in the Green  case,  provides that "a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. "

## SUMMARY

Arrests made by peace officers commissioned by the city of Copperas Cove pursuant to contract between the city and Central Texas Council of Governments are not unconstitutional and are authorized by statute.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee