

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 16, 1977

The Honorable Gene Russell
County Attorney
Burnet County
Burnet, Texas    78611

Opinion No. H-1016

Re:  Authority of sheriff
to make arrests outside
his county.

Dear Mr. Russell:

You have requested our opinion whether a sheriff may make an arrest outside of his county for an offense committed outside of his county if the offense is committed in his presence or within his view.

The authority of a sheriff to make arrests for offenses committed outside of his county was examined in Henson v. State, 49 S.W.2d 463 (Tex.Crim.App. 1932).  The court reviewed the pertinent statutes and authorities and summarized them as follows:

> The sheriff is a conservator of the peace <u>in his county</u>. . . .

C.C.P. art. 41; presently C.C.P. art. 2.17.

> It is his duty to preserve the peace <u>within his jurisdiction</u>. . . .

C.C.P. art. 37; presently C.C.P. art. 2.13.

> In performing this duty he may, in meeting with resistance in the discharge of any duty imposed upon him by law, summon <u>citizens of his county</u> to overcome the resistance. . . .

C.C.P. art. 38; presently C.C.P. art. 2.14.

> The same statutes respecting the authority to make arrests and execute process in criminal cases govern sheriffs and state rangers, _except_ _that_ _state_ _rangers_ _have_ _the_ _power_ _to_ _make_ _arrests_ _in_ _any_ _county_ _in_ _the_ _state._ . . .

(Emphasis in original). V.T.C.S. art. 6570; presently V.T.C.S. art. 4413(11)(4).

> Article 223, C.C.P., [presently C.C.P. art. 15.06], authorizing the execution of a warrant of arrest by a sheriff under the conditions stated in the article in any county in the state, is not deemed to have the effect to extend generally the jurisdiction of a sheriff beyond the borders of his county. In the absence of a warrant of arrest issued under the provisions of article 223, supra, a sheriff as such is not authorized to make an arrest outside of his county. . . .

> The following is taken from 2 Ruling Case Law. p. 469: "A public officer appointed as a conservator of the peace for a particular county or municipality as a general rule has no official power to apprehend offenders beyond the boundaries of the county or district for which he has been appointed * * * Where the sheriff of a county attempts to make an arrest in another county, without a warrant, he is usually considered as having only the authority which a private person may have in apprehending criminals. * * *"

> In the present case, the relation the officers bore to the search was that of private citizens. No conditions were present which would have authorized a private citizen to arrest appellant.

_Id._ at 465.

We note that every statutory phrase emphasized by the Henson court remains essentially intact. While article 4413(11) was amended in 1971, it still provides that State Rangers shall have the same powers and duties of sheriffs:

> except that they shall have the power and
> be authorized to make arrests and to execute
> all process in criminal cases in any county
> in the State.

V.T.C.S. art. 4413(11)(4). The implication is that sheriffs have narrower territorial jurisdiction.

In 1967 the legislature enacted article 14.01(b) of the Code of Criminal Procedure, which provides:

> A peace officer may arrest an offender
> without a warrant for any offense committed
> in his presence or within his view.

Article 14.01(a), formerly article 212, C.C.P., contains language parallel to that of article 14.01(b) but is limited to offenses classed as felonies and offenses against the public peace. Article 212 was referred to in Henson and the court clearly held that outside of an officer's jurisdiction he acts as a private person; see also Ward v. Texas, 316 U.S. 547 (1942); Hooper v. Deisher, 113 S.W.2d 966 (Tex. Civ. App. -- Amarillo 1938, no writ), thus suggesting that language such as that contained in article 14.01(a) or 14.01(b) is insufficient to authorize a sheriff to make arrests outside his county.

However, in 1968 the Court of Criminal Appeals suggested in dictum that the enactment of article 14.01(b) would authorize a city policeman to make an arrest outside his city. Buse v. State, 435 S.W.2d 530 (Tex. Crim. App. 1968). In 1973, article 14.01(b) and Buse were cited along with several well established exceptions to the Henson rule to uphold an arrest made by a policeman outside the city limits for an offense committed inside the city. Green v. State, 490 S.W.2d 826 (Tex. Crim. App. 1973). Since the reference was not necessary to the court's holding it, too, is considered to be dictum. Ex parte Coffee, 328 S.W.2d 283 (Tex. 1959); Ball v. Davis, 18 S.W.2d 1063 (Tex. 1929); Grigsby v. Reib, 153 S.W. 1124 (Tex. 1913); Belote v. State, 59 S.W.2d 161 (Tex. Crim. App. 1933). We have examined the briefs submitted to the Court of Criminal Appeals in both Buse and Green, and

the possible application of article 14.01(b) was not urged in either instance. Furthermore, article 14.01(b) and Buse were cited by the court as merely suggesting the conclusion rather than directly supporting it. Harvard Law Review Assoc., A Uniform System of Citation 86-87 (11th ed. 1967).

While it is important to be aware of the dicta in Buse and Green and to understand that it is possible that it may be an indication that the court will find that article 14.01(b) has overturned the Henson rule, we do not believe that the dicta in these two cases can be construed as finally resolving the question. Accordingly, until the Court of Criminal Appeals makes a more direct ruling on the question, we believe we must advise you that the sheriff of one county probably has no general authority to make arrests in another county.

You also ask if a sheriff can make an arrest 400 yards beyond the county line under the authority of article 13.04 of the Code of Criminal Procedure. Article 13.04, which indicates that an offense committed within 400 yards of a county line may be prosecuted in either county, does not authorize a peace officer to make arrests in the 400 yard zone in another county. See Ledbetter v. State, 5 S.W. 226 (Tex. Ct. App. 1887).

### S U M M A R Y

A sheriff should not make arrests outside his county for offenses committed outside his county except as he is authorized to do so as a private person under article 14.01(a) of the Code of Criminal Procedure or where the offense is within an established exception to the Henson doctrine.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

The Honorable Gene Russell - page 5   (H-1016)

C. ROBERT HEATH, Chairman
Opinion Committee

kml