In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00011-CR


______________________________




DONALD EUGENE BRUCE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 33,756-A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Donald Eugene Bruce had reached the day of his Gregg County jury trial on multiple counts
of aggravated sexual assault of a child and one count of indecency with a child by contact. (1) Just
before voir dire was to begin, Bruce presented the trial court with motions for continuance in both
cases. Bruce argued in his motions that he had not been able to secure allegedly alibi testimony from
a representative of Warner Enterprises, the company with which he was employed as a long-distance
truck driver at the time of his alleged crimes.

 After the trial court overruled Bruce's motions for continuance, trial was conducted, resulting
in Bruce being convicted and sentenced to ninety-nine years' incarceration on each count of
aggravated sexual assault of a child, to run concurrently, and twenty years for the indecency count,
which was ordered to run consecutive to the ninety-nine-year sentences. 

 Bruce's appeal in each case complains only that the trial court erred in denying Bruce his
requested continuance. We overrule Bruce's point of error and affirm the judgments.

 The trial court's ruling on a motion for continuance is reviewed for abuse of discretion. 
Heiselbetz v. State, 906 S.W.2d 500 (Tex. Crim. App. 1995); see Tex. Code Crim. Proc. Ann.
arts. 29.03, 29.06(6) (Vernon 2006). To establish an abuse of discretion, there must be a showing
that the defendant was actually prejudiced by the denial of his or her motion. Janecka v. State, 937
S.W.2d 456, 468 (Tex. Crim. App. 1996); Heiselbetz, 906 S.W.2d at 511. To obtain a continuance
because of the absence of a witness, a defendant must show, among other things, he or she exercised
due diligence to secure the witness' attendance. Tex. Code Crim. Proc. Ann. art. 29.06(2) (Vernon
2006). In situations where a witness is not subpoenaed until near the date of trial, courts regularly
hold that the party has failed to exercise the due diligence necessary to support a motion for
continuance. Dewberry v. State, 4 S.W.3d 735, 756 (Tex. Crim. App. 1999); Peoples v. State, 477
S.W.2d 889, 891 (Tex. Crim. App. 1972); see also Norton v. State, 564 S.W.2d 714, 716-17 (Tex.
Crim. App. [Panel Op.] 1978). We affirm because we find a lack of due diligence in securing any
such witness.

 On January 16, 2007, just before voir dire, the trial court heard Bruce's argument in support
of his motions for continuance. Counsel stated that his investigator had spoken to Bruce sometime
around Thanksgiving 2006, to obtain information the investigator would need to contact Bruce's
former employer. Counsel said the investigator had contacted the employer and on "several
occasions" the employer had "not contacted him back." Believing that information in the employer's
possession "would be of some benefit to the defendant," Bruce, through counsel, urged the trial court
to continue the case. The trial court said the instant cases had been set for trial for "an extended
period of time," and the State told the trial court the cases had been set since the previous July. 

 Bruce had previously filed motions for continuance in both cases in July 2006. His motions
for continuance filed at that time cited the replacement of his court-appointed investigator and the
need for further general investigation. The investigator Bruce's counsel mentioned was appointed
sometime in August 2006, several months after the indictments were returned and five months before
trial. The motions for continuance filed in January 2007, the day trial began (those on which the
instant appeal are based) stated that the investigator had attempted to locate Bruce's employer "at the
time [Bruce] allegedly committed the acts" specified in each indictment, but had not been able to
contact that employer. The motions further assert that "[c]ertain records and documents available
from the employer could establish an alibi or, in the alternative, dispute some of the allegations and
accusations made by the complaining witness." The motions did not provide information about the
name of the proposed witness; explanations of the diligence used to find such witness; what facts
Bruce believed that witness would supply; or other information required by statute. See Tex. Code
Crim. Proc. Ann. arts. 29.06, 29.07 (Vernon 2006). The record does not indicate Bruce obtained
any subpoenas to secure the testimony of any witness, and his counsel conceded as much at the
pretrial hearing, saying, "we've got to have some contact through the phone to find out who to
subpoena. We don't even have contact. I don't think we have a contact . . . . " Bruce did not move
for a new trial or take any steps to adduce a summary of what evidence he hoped the former
employer would have offered.

 The trial court was well within its discretion in finding Bruce had not exercised due diligence
in pursuing the witness or the evidence he claimed he needed. Accordingly, we find no abuse of
discretion in the trial court's denial of the motions for continuance. (2)

 We overrule Bruce's point of error and affirm the trial court's judgment.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 4, 2007

Date Decided: October 4, 2007


Do Not Publish

1. In this appeal, bearing cause number 06-07-00011-CR (trial court cause number 33,756-A),
Bruce was indicted December 15, 2005, on two counts of aggravated sexual assault of "Jane Doe
41692" occurring on or about August 1 and 15, 2005, respectively; in a companion appeal bearing
cause number 06-07-00012-CR (trial court cause number 34,094-A), on March 1, 2006, Bruce was
indicted for one count of aggravated sexual assault of "Jane Doe #2" and one count of indecency
with a child by contact, against the same victim, on or about January 1, 2005. In the companion
case, we affirm the judgment in a separate opinion issued this day.
2. Another reason also dooms Bruce's appeal. Bruce argues that he wished to secure evidence
he was on the road at the time of some of the allegations. Bruce, however, testified he did not work
for Warner Enterprises from the spring of 2004 to around June 27, 2005. Even assuming arguendo
that he could have produced evidence he was on the road every day during his employment with
Warner, he would still have faced the indictment in trial cause number 34,094-A. That case alleged
one count of aggravated sexual assault and one count of indecency with a child by contact, on or
about January 1, 2005, when Bruce did not work for Warner. His convictions on those counts netted
Bruce sentences of ninety-nine years and twenty years, respectively. The trial court ordered the
sentence for the indecency count to run consecutive to the sexual assault sentences. Therefore, even
if Bruce had been acquitted of the two counts of aggravated sexual assault in the case alleging
August 2005 offense dates, the sentence resulting from this trial would not have been altered.