PERRY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-295-CR

TONY LEE PERRY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355
TH
 DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Tony Lee Perry was convicted for felony driving while intoxicated and sentenced to ten years’ confinement.  
See
 
Tex. Penal Code Ann
. §§ 49.04, 49.09(b)(2) (Vernon 2003).  Appellant argues that (1) the evidence is legally insufficient to prove that he operated a vehicle in a public place; (2) the evidence is factually insufficient to prove that he operated a vehicle in a public place; (3) the evidence is factually insufficient to prove that he was intoxicated; (4) the trial court erred in denying his motion for mistrial after the State made an improper closing argument during the punishment phase; (5) the trial court erred by not instructing the jury of the lesser included offense of misdemeanor driving while intoxicated; and (6) the trial court erred in admitting his videotaped statement.  We affirm.

I.  Factual Background

On August 19, 2001, Elias Rinard was inside his home when he heard an accident outside.  When he opened his door, he heard people yelling that someone was trapped in a car, so he called 911 and then went outside.  Rinard then saw a car upside down in a ditch, approximately two hundred fifty feet from his home.  Within a minute or minute and a half, a man crawled out of the car.  Rinard identified appellant as the man he saw crawling from the car, and he did not see anyone else get out of the car.

The police arrived approximately eighteen minutes after Rinard arrived on the scene.  Before the police arrived, appellant left the scene; however, he later returned and talked with the police.  A young lady also accompanied appellant back to the scene; however, Rinard did not remember seeing her at the time of the accident.

When Officer Steve Tuggle arrived on the scene, he noticed some beer bottles in and around the car.  Appellant, wearing no shoes or shirt, told Officer Tuggle that the car was his, but his daughter had been driving it.  He denied being in the car; however, Officer Tuggle noticed scrapes on appellant’s back and arms and glass particles on his back.  Appellant then admitted he was inside the vehicle, but changed his story several times about where he was sitting in the car and who was driving.

During his conversation with appellant, Officer Tuggle  noticed alcohol on appellant’s breath and slurred speech.  Appellant’s eyes were also red, bloodshot, and glassy.  He told Officer Tuggle that he had consumed four beers and a margarita.  Officer Tuggle had appellant perform the horizontal gaze nystagmus test, which he failed.  Officer Tuggle then concluded that appellant was intoxicated.  He informed appellant that he was under arrest for public intoxication and asked him to put his hands behind his back.  Appellant started to put his hands back, but then took off running.  Officer Tuggle and Officer Hall, who was also on the scene, were unable to catch appellant.  After completing the investigation, Officer Tuggle then decided to issue a warrant for appellant's arrest for driving while intoxicated.

Officer Tuggle saw appellant again two days after the accident.  Appellant turned himself in at the Granbury highway patrol office and admitted that he was the driver of the car.  Appellant, however, stated that he had only consumed one margarita and one beer on the day of the accident, which contradicted his earlier statement to Officer Tuggle.  Officer Tuggle recorded his conversation with appellant, and the jury heard it.  The jury convicted appellant of felony DWI and sentenced him to ten years’ confinement.

II.  Sufficiency of the Evidence

In his first two points, appellant argues that the evidence is legally and factually insufficient to prove that he operated a motor vehicle in a public place.  Specifically, he claims that the evidence does not support his conviction because no one actually saw him driving the car.  The State responds that the evidence is both legally and factually sufficient to prove he operated a motor vehicle in a public place.

Courts have held that the identity of the driver of a vehicle may be inferred by circumstantial evidence.  
See Kerr v. State
, 921 S.W.2d 498, 501 (Tex. App.—Fort Worth 1996, no pet.) (holding evidence sufficient to prove operation of a car when a witness heard a car slide off the road and immediately saw defendant get out of the car alone); 
Dickson v. State
, 642 S.W.2d 185, 189 (Tex. App.—Houston [14
th
 Dist.] 1982, pet. ref’d) (holding evidence sufficient to prove that defendant was driving when a witness saw him exiting the driver’s side of a stolen van immediately after it came to a stop); 
see also
 
Fruechte v. State
, 316 S.W.2d 418, 419 (Tex. Crim. App. 1958) (holding that defendant found in driver’s seat of a damaged car not far from the accident sufficiently corroborated that he was the driver).  In
 Peddicord v. State
, the court held that defendant’s statement that he was the driver, together with the circumstances that a witness saw defendant in the driver’s seat within two minutes of the accident, was sufficient for any rational trier of fact to find beyond a reasonable doubt that defendant was the driver.  942 S.W.2d 100, 106 (Tex. App.—Amarillo 1997, no pet.)

Similar to 
Petticord
, appellant admitted he was the driver of the car when he returned to the station two days after the accident.  Furthermore, while Rinard was inside his home, he heard a loud crash and then went outside.  He saw appellant, and no one else, climbing out of the car.  Thus, we hold that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant was driving.

Although appellant frames his point on appeal that the evidence was insufficient to prove that he operated a motor vehicle in a public place, appellant makes no arguments that he was not in a public place.  The State correctly argues that appellant was operating a motor vehicle in a public place.

The penal code defines “public place” as any place that the public or a substantial group of the public has access and includes, but it not limited to, streets and highways.  
Tex. Penal Code Ann
. § 1.07(a)(40) (Vernon 2003).  When defense counsel asked Rinard whether the road where the accident occurred was heavily traveled, he responded, “At times.”  Officer Tuggle also described the area as a “small, narrow roadway.”  Thus, appellant was operating a motor vehicle in a public place.

Accordingly, applying the appropriate standards of review,
(footnote: 2) we hold that the evidence is both legally and factually sufficient to support the jury’s verdict.
(footnote: 3)  We overrule appellant’s first and second points.

In his third point, appellant argues that the evidence is factually insufficient to prove that he was intoxicated.  The State responds that the evidence is factually sufficient to prove intoxication. 

The Texas Penal Code defines intoxication as not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body.  
Tex. Penal Code Ann
. § 49.01(2)(A).  Here, the jury heard evidence that Office Tuggle found beer bottles in and around the car.  Appellant stated that he had consumed four beers and a margarita.  When Officer Tuggle performed the horizontal gaze nystagmus test, he determined that appellant was intoxicated.  Appellant’s eyes were also bloodshot, his speech was slurred, and he smelled of alcohol.  The jury also heard evidence from a witness that he had seen appellant shortly before the accident and he did not see appellant consume any alcohol nor did appellant smell of alcohol.

After reviewing all of the evidence, we cannot say that the proof of guilt is so obviously weak as to undermine confidence in the verdict.  Accordingly, applying the appropriate standard of review,
(footnote: 4) we hold that the evidence is factually sufficient to support the jury’s verdict.
(footnote: 5)  Appellant’s third point is overruled.

III.  Motion for Mistrial

In his fourth point, appellant contends that the trial court erred in denying his motion for new trial after the State made an improper jury argument during the punishment phase.  The State responds that the argument was a reasonable deduction from the evidence, a proper summation of the evidence, and a proper response to the argument made by opposing counsel.  Alternatively, the trial court cured any harm when it sustained appellant’s objection and instructed the jury to disregard the statement.

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. 
 Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  

If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection cannot be reversible error unless, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury’s verdict. 
 
Tex. R. App. P. 
44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999)
.

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court erred in denying the mistrial.  
Faulkner v. State
, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref’d) (en banc op. on reh’g).  Its resolution depends on whether the court’s instruction to disregard cured any prejudicial effect from the improper argument.  
Id.  
Generally, an instruction to disregard impermissible argument cures the prejudicial effect, if any. 
 Id.; see also Dinkins v. State
, 894 S.W.2d 330, 357 (Tex. Crim. App.), 
cert. denied
, 516 U.S. 832 (1995).  In assessing the curative effect of the court’s instruction to disregard, the correct inquiry is whether the argument was extreme, manifestly improper, injected new and harmful facts into the case, or violated a mandatory statutory provision and was thus so inflammatory that an instruction to disregard could not cure its prejudicial effect.  
Hernandez v. State
, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991), 
cert. denied
, 504 U.S. 974 (1992); 
Faulkner
, 940 S.W.2d at 312.  If the instruction cured any harm caused by the improper argument, a reviewing court should find that the trial court did not err.  
Dinkins
, 894 S.W.2d at 357; 
Faulkner
, 940 S.W.2d at 312.  
Only if the reviewing court determines the instruction was ineffective does the court go on to determine whether, in light of the record as a whole, the argument had a substantial and injurious effect or influence on the jury’s verdict. 
 
Tex. R. App. P. 
44.2(b).

Appellant specifically objected when the State argued, “When he gets in trouble, what does he do? He escapes. It is interesting.”  Appellant argued that there was no evidence that he escaped or was convicted of escape as an extraneous matter.  The trial court sustained the objection, instructed the jury to disregard, and overruled appellant’s motion for mistrial.

We conclude the State’s argument was a proper summation of the evidence and a proper response to the argument of opposing counsel that appellant has accepted responsibility for his life.  The jury heard evidence during the guilt/innocence phase that when Officer Tuggle tried to arrest appellant for public intoxication, appellant ran away.  The jury heard appellant testify during the punishment phase that he “never had a problem with owning up to [his] own stuff.”  Furthermore, Texas Code of Criminal Procedure Article 37.07 states:

Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann
. art. 37.07, § 3(a) (Vernon Supp. 2003).  A jury has the right to know all relevant facts and circumstances surrounding the charged offense because an offense is not tried in a vacuum.
  Wilkerson v. State
, 736 S.W.2d 656, 659-60 (Tex. Crim. App. 1987); 
Casarez v. State
, 857 S.W.2d 779, 787-88 (Tex. App.—Fort Worth), 
aff’d
, 913 S.W.2d 468 (1993).  The jury has a right to hear what occurred immediately prior to and subsequent to the commission of the act so that they may realistically evaluate the evidence.  
Casarez
, 857 S.W. 2d at 788.  Furthermore, the State is entitled to ask the jury to consider these facts and circumstances in determining the severity of the punishment for the charged offense.  
Id
.  Because the jury heard the evidence about appellant running away from Office Tuggle, which occurred in the course of the charged offense, and appellant argued that he had always taken responsibility for his actions, the State’s argument was proper.

Moreover, the argument was not so extreme or manifestly improper that an instruction to disregard could not cure any possible prejudicial effect.  
Hernandez
, 819 S.W.2d at 820.  Therefore, any possible harm was cured by the trial court’s instruction to disregard.  
Dinkins
, 894 S.W. 2d at 357 (stating an instruction to disregard generally cures impermissible jury argument).  Thus, the trial court did not err in overruling appellant’s motion for mistrial.  We overrule appellant’s fourth point.

IV.  Lesser Included Offense

In his fifth point, appellant argues that the trial court erred by not including misdemeanor DWI as a lesser included offense of felony DWI in the charge.  The State responds that appellant offered no evidence to deny or controvert the fact that he had two prior DWI convictions.

Section 49.09 allows for a DWI conviction to be enhanced from a Class B misdemeanor to a third degree felony if the State shows that a person has been twice convicted of DWI under section 49.04.  
Tex. Penal Code Ann
. §§ 49.04, 49.09.  Article 37.09 of the code of criminal procedure states that an offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. 
 Tex. Code Crim. Proc. Ann
. art. 37.09 (Vernon 1981).  

To determine whether a jury must be charged on a lesser included offense, we apply a two-step analysis.  
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  The first step is to decide whether the offense is a “lesser included offense” as defined in article 37.09.  
Tex. Code Crim. Proc. Ann.
 art. 37.09; 
Moore
, 969 S.W.2d at 8.  
Because the State and appellant do not contest that a misdemeanor DWI is a lesser included offense of a felony DWI, we will focus only on the second prong of the test.

The second prong requires an evaluation of the evidence to determine whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, and not of the greater. 
 Lofton v. State
, 45 S.W.3d 649, 652 (Tex. Crim. App. 2001);
 Moore
, 969 S.W.2d at 8.  
The evidence must be evaluated in the context of the entire record.  
Moore
, 969 S.W.2d at 8.  There must be some evidence from which a rational jury could acquit the defendant on the greater offense while convicting him of the lesser included offense.  
Id.  
The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence.  
Id.
  If there is evidence from any source that negates or refutes the element establishing the greater offense, or if the evidence is so weak that it is subject to more than one reasonable inference regarding the aggravating element, the jury should be charged on the lesser included offense. 
 Schweinle
, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); 
Saunders v. State
, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992).
 

The State presented evidence of appellant’s certified driving record, which showed two prior DWI convictions.  Officer Tuggle testified that the name and date of birth on the record matched the name and date of birth that appellant gave at the accident scene.  The State also admitted appellant’s final judgments of his two prior DWI convictions.

Although appellant argues that there is nothing to show that the person named in the documents relating to the prior convictions was in fact him, he presented no evidence from any source to negate or refute the elements establishing felony DWI.  Furthermore, the evidence is not so weak that it is subject to more than one reasonable inference regarding an aggravating element.  Thus, the trial court correctly denied appellant’s request for the lesser included offense.  Appellant’s fifth point is overruled.

VI.  Videotaped Statement

In his sixth point, appellant argues that the trial court erred in admitting his videotaped statement from the field stop.  Specifically, appellant claims that he made some damaging statements while in custody without receiving his 
Miranda
 warnings.  
See Miranda v. Arizona
, 384 U.S. 436, 86 S. Ct. 1602 (1966)
.  

Under Texas Rule of Appellate Procedure 38.1(h), appellant’s brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.  
Tex. R. App. P. 
38.1(h). Appellant has not provided this court with any specific references to appellant’s “very damaging admissions.”  Thus, we overrule appellant’s sixth point.

VII.  Conclusion

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH 

Tex. R. App.
 P. 47.2(b)

DELIVERED: April 24, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994) (providing legal sufficiency standard of review), 
cert. denied
, 513 U.S. 1192 (1995); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992) (same), 
cert. denied
, 507 U.S. 975 (1993); 
Sims v. State
, No. 1328-01, slip op. at 1-2, 2003 WL 1060179, at *1 (Tex. Crim. App. March 12, 2003) (holding that a proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal);
 Santellan v. State
, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997) (providing factual sufficiency standard of review); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same).

3:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis
, 922 S.W.2d at 134.

4:
Sims
, slip op. at 1-2, 2003 WL 1060179, at *1
; Santellan
, 939 S.W.2d at 165; 
Clewis
, 922 S.W.2d at 129.

5:
See Johnson
, 23 S.W.3d at 7; 
Clewis
, 922 S.W.2d at 134.