Earl Roosevelt DICKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–81–339–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 13, 1982.

Rehearing Denied June 24, 1982.

Gregory Glass, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MOORE and JAMES, JJ.

MILLER, Justice.

Appeal is brought from a conviction for the offense of unauthorized use of a motor vehicle, Section 31.07, Tex.Penal Code Ann. (Vernon 1974). The State abandoned the first paragraph of its indictment charging theft and the jury found appellant guilty of the lesser charge. Appellant pled true to the enhancement paragraph and the jury assessed punishment at seven (7) years confinement in the Texas Department of Corrections and a three thousand dollar fine. Appellant perfected this appeal and now raises five grounds of error. We affirm the judgment of the trial court below.

Initially (considering grounds of error one and two), appellant complains of the trial court's failure to grant his timely motions for new trial for two remarks made by the prosecuting attorney during her jury argument at the guilt/innocence stage of the trial. The remarks complained of were:

Ms. Longoria: I would like to clear up one point that the defense attorney made. He tells you that we all have a stake here and he tells you that my stake is to put another notch on the prosecutorial gun in Harris County. I'm here for one reason because I believe victims of crime deserve

an even break. I don't defend criminals for money. I tell you I could make a lot of money defending criminals but I don't do it. I get paid a modest salary by the County of Harris because I believe in enforcing the law, period. That's my job. *I don't come in here to convict innocent people. Those are not the people that are tried in this court.* I resent his telling you that that is what I'm here for.

Ms. Longoria: The evidence in that regard is from Officer Walker here. He's out at 3:30 in the morning on routine patrol and observes the defendant. Did you ever hear him say that he asked the defendant if he was driving the car? No, you didn't. He says he saw the defendant driving the automobile without any lights. He follows him and asks him for driver's license. The defendant never said I wasn't driving the car. My buddy was. There's not any question about it. *Let me tell you at this point that a defense attorney's job is to pull the wool over your eyes.*

Objections to both remarks were sustained and the jury received instructions to disregard the comments of the prosecutor. Appellant's timely motions for new trial, however, were overruled by the court.

■ The law in this State is clear that a prosecutor must confine his jury arguments to one of four permissible areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Cr.App. 1980); *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Cr.App.1973). Appellate courts must not hesitate to reverse a judgment when it appears a prosecutor has departed from one of these areas in his argument and has engaged in conduct calculated to deny an accused a fair and impartial trial. *Johnson v. State,* 604 S.W.2d 128 (Tex.Cr. App.1980).

After examining the statement of facts and the above quoted remarks, we are of the impression neither comment would fit within any of the four permissible areas

alluded to above. The prosecutor's comments were clearly improper and the tenor of her argument reveals a departure from acceptable courtroom decorum. The State begrudgingly agrees to the impropriety of the comments and admits that such remarks are normally of the kind to deny an accused a fair and impartial trial. *Johnson, supra; Anderson v. State,* 525 S.W.2d 20 (Tex.Cr.App.1975); *Boyde v. State,* 513 S.W.2d 588 (Tex.Cr.App.1974). The issue here, however, is whether these improper comments demand a reversal of appellant's conviction. After reviewing the voluminous case law in this area, we do not believe reversible error exists.

■ The Court of Criminal Appeals has proposed a number of standards over the years by which to judge improper comments by a prosecutor. In *Spaulding v. State,* 505 S.W.2d 919 (Tex.Cr.App.1974), the prosecutor expressed an opinion as to the guilt of the defendant. In holding the comment improper, the Court of Criminal Appeals set out the standard found in *Thompson v. State,* 480 S.W.2d 624 (Tex.Cr. App.1972), as follows:

The test as to whether an improper argument constitutes reversible error is whether, (1) the argument is manifestly improper, harmful and prejudicial, or (2) it is violative of a statute or, (3) it injects a new and harmful fact into the case.

*Spaulding,* at 922. This standard has been cited frequently in Court opinions. *Williams v. State,* 607 S.W.2d 577, 581 (Tex.Cr. App.1980); *Todd v. State,* 598 S.W.2d 286, 297 (Tex.Cr.App.1980); *Simpkins v. State,* 590 S.W.2d 129, 136 (Tex.Cr.App.1979); *Blansett v. State,* 556 S.W.2d 322, 328 (Tex. Cr.App.1977). In determining whether the argument is manifestly improper, harmful and prejudicial, reviewing courts are to consider the comments in light of the record as a whole and in relation to the probable effect on the minds of the jurors. *Simpkins, supra; Blansett, supra; Mayberry v. State,* 532 S.W.2d 80 (Tex.Cr.App.1975).

■ In addition to the above standards, the Court of Criminal Appeals has attempted to establish a test for reversal in situa-

tions where, as here, the trial court instructed the jury to disregard the improper comments. In *Edmiston v. State*, 520 S.W.2d 386 (Tex.Cr.App.1975), a commercial obscenity case, the prosecutor suggested the defendant's counsel maintained a financial interest in the theatre where the obscene magazine was sold. Although the Court saw this remark as being the kind to deprive a defendant a fair trial, it held the error was cured by a timely instruction to disregard.

> An instruction to disregard will cure error except in extreme cases where it appears the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds.

*Id.* at 387. In *Blansett, supra,* the prosecutor argued during the guilt-innocence phase that the accused had already been convicted of the same offense. The Court held the trial court's instruction to disregard cured the prejudicial nature of the improper comment.

> Ordinarily, any injury from improper jury argument is obviated when the court instructs the jury to disregard the argument, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonition. Whether the prosecutor's argument necessitates a reversal is to be determined on the basis of the probable effect on the minds of the jurors under the facts of each case.

*Id.* at 328. The case of *Spaulding v. State, supra,* discussed above, involved a comment on the guilt of the accused similar to the one in the instant case. The Court saw the remark as improper, but held the prejudicial effect was cured by the instruction to disregard. *See also: Williams v. State*, 604 S.W.2d 146 (Tex.Cr.App.1980); *Seaton v. State*, 564 S.W.2d 721 (Tex.Cr.App.1978); *Stokes v. State*, 506 S.W.2d 860 (Tex.Cr.App.1974); *Ortiz v. State*, 490 S.W.2d 594 (Tex.Cr.App.1973); *Christ v. State*, 480 S.W.2d 394 (Tex.Cr.App.1972).

■ Therefore, after reviewing the record as a whole, we hold the instructions to disregard cured any error. We do not believe the probable effect of the comments on the minds of the jurors was so inflammatory that their prejudicial aspects were not removed by the instructions to disregard. In so holding, we are not unmindful of cases to the contrary where the Court of Criminal Appeals has held similar statements were not cured by instructions to disregard. *Bell v. State*, 614 S.W.2d 122 (Tex.Cr.App.1981); *Anderson v. State*, 525 S.W.2d 20 (Tex.Cr.App.1975); *Boyde v. State*, 513 S.W.2d 588 (Tex.Cr.App.1974); *Bray v. State*, 478 S.W.2d 89 (Tex.Cr.App. 1972). But, after reviewing the improper comments in light of the facts of this case, we believe the trial court's quick instructions to disregard cured any reversible error. Appellant's grounds of error one and two are overruled.

■ In his third ground of error appellant claims the trial court erred in admitting over his timely objection, testimony concerning stolen property found at the scene of the arrest. Appellant was arrested at approximately 3:30 a.m. on the morning of January 19, 1981, after being approached by the police for driving without his headlights on. Appellant had no identification in his possession, and he and his companion gave conflicting accounts as to the ownership of the automobile. The arresting officer checked with the police dispatcher and discovered the automobile was stolen. The officer then placed both appellant and his companion under arrest. At that point, the companion asked the officer if he could remove his suitcases from the trunk of the automobile. The officer agreed, and in the suitcases discovered six bags of ice that had been recently stolen from a nearby Seven-Eleven convenience store. It is the admission of the arresting officer's testimony concerning this occurance that appellant claims amounts to court error.

Appellant claims this testimony was irrevelant, amounted to hearsay and was not res gestae of the offense for which he was tried. We disagree. We believe the testi-

mony was both relevant and part of the res gestae of the arrest for unauthorized use of the motor vehicle. The testimony came within the arresting officer's description of the events leading up to and including the arrest of the appellant. In addition, the testimony did not amount to hearsay since the officer was relating events he personally witnessed. Any testimony concerning the statements of the companion made at the scene were also part of the res gestae exception to the hearsay rule since both spontaneity and the excited event of the arrest were present. This ground is overruled.

Finally, through grounds of error four and five, appellant raises an insufficiency of the evidence claim. Appellant claims the trial court erred in failing to grant his motions for instructed verdict. He asserts the evidence presented at trial was insufficient to prove he operated the automobile in question.

It is clear that proof of operation of an automobile is an essential element in the offense of unauthorized use of a motor vehicle under § 31.07, Tex.Penal Code Ann. (Vernon 1974). *Anthony v. State,* 628 S.W.2d 151 (Tex.App.—Houston [14th Dist.] 1982, no writ). It is also clear that in reviewing questions of sufficiency of the evidence, appellate courts must view the evidence in a light most favorable to the jury's verdict. *Rohlfing v. State,* 612 S.W.2d 598 (Tex.Cr.App.1981); *Thomas v. State,* 605 S.W.2d 290 (Tex.Cr.App.1980). After reviewing the evidence in this light, we believe there was sufficient evidence that appellant *operated* the automobile without the owner's consent.

As stated above, the arresting police officers first spotted the automobile while it was traveling with its lights off in the early morning hours of January 19. The police officers followed the automobile until it came to a stop in a driveway. Officer David Walker, the arresting officer, testified he saw appellant get out of the driver's side of the automobile and begin to walk away. Appellant was stopped, discovered to be without a driver's license and in pos-

session of a stolen automobile. Johnnie Coleman, Jr., the owner of the automobile, also testified at trial. He stated the automobile belonged to him, but had been stolen approximately one month before appellant's arrest. Coleman testified he never gave appellant permission to operate or use his automobile.

We see this evidence as sufficient to sustain a conviction for unauthorized use of a motor vehicle. *Anthony, supra.* While Officer Walker may never have seen the face of the driver while the car was in motion, he saw appellant emerge from the driver's side immediately after it stopped. This evidence was sufficient to prove operation of the automobile. This being the case, the trial court did not err in refusing to grant appellant's motions for instructed verdict. Grounds of error four and five are overruled.

Judgment affirmed.