Jerry Lynn JOHNSON, Appellant,

v.

STATE of Texas, Appellee.

No. A14–83–586CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 19, 1984.

William Carpenter, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Jerry Lynn Johnson appeals his conviction for aggravated robbery for which his enhanced punishment was assessed at life

imprisonment. In three grounds of error, appellant contends that the evidence was insufficient to support his conviction; and that two statements made by the State's attorney in final arguments were so prejudicial as to necessitate a mistrial. We affirm the judgment.

Because the sufficiency of the evidence is at issue, we briefly summarize the trial testimony. Clinton Ray Pylate testified that one evening he heard someone knocking at the back door of his home in Baytown, Texas. He opened the door to investigate, but found no one there. He then went to the front door and opened it. A man shouldered his way inside the home and thrust a sawed-off shotgun in Pylate's face. Pylate grabbed the gun and struggled with the intruder, but eventually he was forced to the floor by a second man. When he tried to get up, the first man struck Pylate across his forehead with the shotgun, causing a wound which later required thirty eight stiches to close. The two men then forced Mr. Pylate into his den and handcuffed him to a bar stool. Pylate's mother came to investigate and was knocked unconscious by one of the men. Both intruders loaded up and left with a video recorder, a television set, jewelry, two credit cards, and various other items from the home.

Six days after the robbery, a Cleveland, Texas Police officer responded to a report of credit card abuse at a Shell station in that city. When he arrived at the gas station, the suspects had already left, but he soon heard a report that they had been stopped by another officer. He went to the scene of the detention and found the appellant, John Boettcher, and a woman in a van. The officer found a sawed-off shotgun under the driver's seat of the van, which was later identified by Mr. Pylate as the weapon with which he was struck. All three were arrested for credit card abuse. At the police station, one of Mr. Pylate's credit cards was found in John Boettcher's wallet, and another one was found discarded in the police patrol car. The woman also possessed several pieces of jewelry which belonged to Mr. Pylate's mother.

During the trial, John Boettcher testified that he had only known appellant for a short time, but that they planned a trip to Louisiana together. He stated that he bought the credit cards from appellant, who had informed him that the cards had been stolen in a robbery in which a sawed-off shotgun had been used. Appellant's written confession was also admitted into evidence.

Appellant now contends there was insufficient evidence to support his conviction. He suggests that the evidence failed to adequately connect him to the robbery and that there was no evidence that he used the weapon. Neither contention has merit in our opinion.

Appellant was arrested in a vehicle which contained the shotgun used in the commission of the offense. Also, his female companion possessed several pieces of the mother's stolen jewelry. Further, appellant's male companion possessed one of the stolen credit cards which appellant admittedly obtained in a robbery in which a shotgun was used. Appellant emphasizes the fact that Mr. Pylate was not able to identify appellant as the robber with the shotgun. This, however, is but a minor defect in an otherwise convincing fact pattern. Appellant confessed to a robbery that occurred "last week" in Baytown. He stated that the two old ladies and a man lived there. Mr. Pylate lived in Baytown with his 72-year-old mother, and his grandmother had lived there until her death shortly before the offense. Appellant confessed to knocking on the door, handcuffing one of the inhabitants to his bar, and to stealing a television, a video cassette recorder, a computer, a watch and other jewelry. He also stated that he sold two credit cards from the robbery to "John." Finally, he was arrested in a van containing the robbery weapon, the stolen credit cards, and jewelry. This chain of connection between appellant and the robbery is overwhelming notwithstanding Mr. Pylate's failure to identify him.

Appellant argues that since Mr. Pylate was unable to identify which of the two robbers carried the gun, the evidence was insufficient to prove that he used or exhibited a weapon as charged in the indictment. Appellant's complaint completely ignores the fact that the jury was charged on the law of parties. Since appellant was clearly an active participant in the robbery, the fact that he might not have wielded the gun is immaterial under this theory. *See* Tex.Penal Code Ann. § 7.02 (Vernon 1974).

He further suggests that the court's failure to apply the law of parties to the facts was harmful error; however, appellant did not request such an application. It is well-settled that in the absence of a proper objection or request, a failure to apply the law of parties to the facts of the case is not fundamental error. *Romo v. State*, 568 S.W.2d 298, 302–303 (Tex.Cr. App.1978) (on motion for rehearing). Appellant's first and second grounds of error are overruled.

During closing arguments, the State's attorney made the following comments:

"I think this is an excellent confession." "I think the fact that Mr. Boettcher actually came in here and got on the stand and told you that he bought two credit cards from the Defendant is a sign that even though he is a street person and it's a violation of street ethics to come into a courtroom and testify against someone, I think that's a sign that he may be back on the road to rehabilitation. I think the fact that he testified, what he said, I thought that was a real hard thing to do that."

Appellant's counsel objected to both statements, both were sustained, and the court instructed the jury to disregard them. Appellant now contends that the statements were so prejudicial as to require a mistrial. We disagree. When a court properly instructs the jury to disregard improper jury arguments, a mistrial is required only when the remark is so inflammatory that the prejudicial effect cannot be removed by a timely admonition. *Dickson v. State*, 642

S.W.2d 185, 188 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). On review, we must determine the probable effect of the comment on the minds of the jurors under the facts of each case. The comments here were each directed toward prior statements by the defense attorney indicating that the confession was not particular enough and that John Boettcher was not a reliable witness. *See Campbell v. State*, 610 S.W.2d 754, 756 (Tex.Cr.App.1980). The prosecutor's arguments were merely a response to defense counsel arguments and were probably viewed by the jurors as such. Any possible error was cured by the instruction to disregard. The third ground of error is overruled.

The judgment of the trial court is affirmed.