**Hector Guadalupe DUENEZ**

v.

**The STATE of Texas.**

**No. 01–86–00967–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 16, 1987.

Rehearing Denied Aug. 13, 1987.

Blanca Lopez, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Gladys Aguero, Harris County Asst. Dist. Attys., Houston, for appellee.

Before WARREN, DUGGAN and LEVY, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of unauthorized use of a vehicle. The court assessed punishment at eight years confinement and a $1000 fine.

In three grounds of error, appellant claims that:

(1) the court erred in overruling appellant's motion to strike the officer's identi-

fication of appellant, because the vehicle was stopped unlawfully;

(2) his counsel's failure to object to the unlawful stop of the vehicle and the identification of appellant as an occupant of the vehicle rendered counsel's assistance ineffective; and

(3) the evidence was insufficient to support the conviction because the State failed to prove that appellant operated the vehicle.

Officer D.B. Martin of the Webster Police Department testified that he received a radio call at 6:55 p.m. on August 12, 1986, reporting that a vehicle had been burglarized at a parking lot about one mile from where he was then driving on patrol. The dispatcher reported that two Hispanic males were fleeing in a two-toned brown van, with a white whip antenna, and that they were heading for the feeder road that leads north to Interstate 45, toward Houston.

Martin responded to the call by driving to the intersection of Medical Center Boulevard and the feeder road, where he waited approximately one minute before proceeding onto the interstate, in the belief that the suspects' van had already passed him. He drove to a point six to seven miles from the scene of the burglary, outside the Webster city limits and into Houston, and pulled over to the shoulder of the interstate, just north of the highway's South Belt exit. Within three to five minutes after he first received the call, a van matching the dispatcher's description passed him heading north on I-45.

Martin followed the van as it drove further into Houston. He radioed his dispatcher for assistance. When the van exited at Fuqua Road, Martin decided to stop the suspects even though his backup units were not in sight. After he turned on his lights and siren, the van abruptly stopped. Within seconds, appellant emerged from the driver's side of the van and ran. While pursuing appellant, Martin turned back to look at the van and saw a second, smaller male running in the opposite direction.

Martin captured and arrested appellant at 7:12 p.m. At 7:15 p.m., the first of

several Houston police cruisers arrived at the scene, in answer to Martin's call for assistance. After Houston police officers told Martin that the van had been reported stolen earlier in the day, in Houston, Martin released appellant into Houston police custody.

Appellant was convicted for unauthorized use of the van, based on Martin's identification of him at the scene and complainant's testimony that the van was stolen earlier that day.

In his first point of error, appellant urges that the trial court erred in failing to instruct the jurors to disregard Officer Martin's testimony, which allegedly stems from an illegal arrest made outside Martin's jurisdiction, the City of Webster.

Appellant did not object to Martin's testimony at the time it was offered, but, in a hearing held outside the jury's presence after the testimony was completed, moved that the court strike the testimony.

■ An objection to testimony must be urged at the earliest opportunity if the right to review is to be preserved. *Marini v. State*, 593 S.W.2d 709, 714 (Tex.Crim. App.1980). Appellant waived his objection by lodging it at the conclusion of testimony.

The first point of error is overruled.

In his second point of error, appellant complains that he was deprived of the effective assistance of counsel because his attorney failed to timely object to the admission of Officer Martin's testimony.

In order to establish his claim, appellant must show: (1) that his counsel's performance was unreasonably deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). If, as appellant alleges, the arrest was unlawful, then his counsel's failure to object obviously prejudiced the defense; since all of the evidence introduced at trial stemmed from the arrest, there is no doubt that "the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

■ The authority of a city's police officers to make a warrantless arrest does not extend beyond the city limits. *Buse v. State*, 435 S.W.2d 530, 532 (Tex.Crim.App. 1969); *Love v. State*, 687 S.W.2d 469, 471 (Tex.App.—Houston [1st Dist.] 1985, pet. ref'd). This rule is subject to the exception that, when city police officers are drawn outside the city limits while in "hot pursuit" of a fleeing suspect, they do not lose their authority to effect an arrest if they then capture the suspect. *Buse*, 435 S.W.2d at 532; *Minor v. State*, 153 Tex. Cr.R. 242, 219 S.W.2d 467, 470 (Tex.Crim. App.1949); *Love*, 687 S.W.2d at 471. The State maintains that Martin was engaged in hot pursuit of appellant.

In Texas, the hot pursuit exception has been applied only in cases where officers sighted their suspect within their city limits and the subsequent chase led to an arrest outside the city. *See, e.g., Green v. State*, 490 S.W.2d 826 (Tex.Crim.App.1973); *Watson v. State*, 466 S.W.2d 783 (Tex.Crim. App.1971); *Fance v. State*, 167 Tex.Cr.R. 32, 318 S.W.2d 72 (Tex.Crim.App.1958); *Minor*, 219 S.W.2d 467. However, none of the cases limit the exception to such facts.

The State argues that the hot pursuit exception is broader than the facts of *Minor* and the other Texas cases. In particular, the State relies on an Illinois case in which an arrest outside the jurisdiction was upheld, even though the arresting officers never sighted the suspects within the jurisdiction, because the pursuit "was continuous, uninterrupted and without unreasonable delay." *People v. Clark*, 46 Ill.App.3d 240, 4 Ill.Dec. 785, 360 N.E.2d 1160 (1977).

In the *Clark* case, Illinois police, who learned that robbery suspects were heading toward a bridge to Missouri, contacted their Missouri counterparts and learned that no Missouri police were in the area near the bridge. The Illinois police then headed into Missouri and captured the suspects. Even though the police did not have the suspects in their sight while in Illinois, the Illinois court noted that without the quick action of the police in heading into Missouri, the suspects might have escaped. *Id.*

 We are impressed with the reasoning in *Clark* and adopt the pursuit rule established therein.

In our case, the criminal activity that prompted Officer Martin's pursuit originated in Webster. Though there was no hot pursuit within the city of Webster, there was continuous and uninterrupted pursuit, which began in Webster and culminated in appellant's arrest just 17 minutes after Officer Martin received the broadcast containing the description of the van and its occupants. The extra-jurisdictional pursuit neither infringed on the rights and duties of the Houston Police, nor offended any of appellant's basic rights.

Because appellant's arrest was lawful and Officer Martin's identification testimony admissible, counsel's failure to object to Martin's identification testimony cannot be considered ineffective assistance of counsel.

The second point of error is overruled.

 In his third point of error, appellant contends that the evidence was insufficient to prove that he operated the van. Appellant's operation of the van is an essential element of the offense of unauthorized use of a motor vehicle. *Dickson v. State*, 642 S.W.2d 186, 188 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd).

Officer Martin testified that, although he did not see the face of the driver of the van, he did see appellant emerge from the door on the driver's side within seconds after the van came to an abrupt halt. The policeman saw appellant's companion fleeing the scene, but he did not see how the second suspect left the van.

Appellant testified that he was a passenger in the vehicle, and that both he and the driver exited the van on the passenger side.

In reviewing the sufficiency of direct or circumstantial evidence, this Court must view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Garrett v. State*, 682 S.W.2d 301, 304 (Tex.Crim.App.1984), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1876, 85

L.Ed.2d 168 (1985). The "exclusion of reasonable hypotheses" test may be used as one means of analyzing the sufficiency in circumstantial evidence cases. *Id.*

 Viewing the evidence in the light most favorable to the verdict, we find that the evidence introduced at trial was sufficient to support the conviction. Appellant offers no reasonable hypothesis other than guilt to explain Officer Martin's testimony, which was evidently the version of the facts accepted by the jury. Appellant could not make such an argument, in light of the fact that the police officer saw appellant leave the van first, from the driver's side, almost immediately after the van braked to a halt.

The third point of error is overruled.

The judgment is affirmed.