**Motion for Rehearing Overruled; Memorandum Opinion of June 5, 2014, Withdrawn; Affirmed and Substitute Memorandum Opinion filed July 3, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00303-CR

---

**MARK DAVID STEPHENSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 300th District Court
Brazoria County, Texas
Trial Court Cause No. 69080**

---

## SUBSTITUTE MEMORANDUM OPINION

We overrule appellant Mark David Stephenson's motion for rehearing. We withdraw the memorandum opinion issued in this case on June 5, 2014, and we issue this substitute memorandum opinion in its place.

A jury convicted appellant of felony driving while intoxicated (DWI),[1] third or more offense-enhanced, and assessed his punishment at twenty years' confinement and a $4,000 fine. Appellant challenges the legal sufficiency of the evidence to support his conviction. We affirm.

## Background

Appellant was indicted on November 8, 2012, for the second degree felony offense of driving while intoxicated, third or more offense, enhanced by one prior felony conviction. A jury trial was held from March 11, 2013 to March 13, 2013.

At trial, Billy Cast testified that his vehicle was struck by a blue Dodge truck at the intersection of Highway 288-B and Kyle Road on September 19, 2012. The truck briefly pulled into a gas station after the collision and then continued down Kyle Road. Cast followed the truck about half a block down Kyle Road until it pulled over. Once the truck stopped, Cast observed a female exit the truck from the passenger side and walk around behind the truck to the driver's side. The female passenger told Cast that they needed to go somewhere further down the road, but Cast refused and told the female that the police were en route.

Officer Shane O'Sullivan of the Clute Police Department arrived at the scene and identified the female passenger, sitting in the driver's seat of the truck, as Belinda Guel. Officer O'Sullivan then approached the other side of the truck and saw appellant sitting in the passenger seat. Officer O'Sullivan testified that, as he approached the passenger side, appellant's eyes opened but then shut once Officer O'Sullivan knocked on the glass as if the appellant were asleep. After speaking with Cast and Guel, Officer O'Sullivan believed that appellant had been the driver of the truck at the time of the collision.

---

[1] *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2) (Vernon Supp. 2013).

After appellant exited the truck, Officer O'Sullivan attempted to communicate with appellant and smelled alcohol on appellant's breath. Officer O'Sullivan testified that appellant's eyes were bloodshot and he was unsteady on his feet. Appellant agreed to perform standardized field sobriety tests. Appellant was unable to follow Officer O'Sullivan's instructions and performed poorly on the field sobriety tests. Appellant's blood sample was sent to Brazosport Regional Hospital and screened positive for Benzodiazepines, Alprazolam, Carisoprodol, Diazepam, Hydrocodone, Meprobamate, and Nordiazepam.

A jury found appellant guilty as charged and assessed his punishment at twenty years' confinement. This appeal followed.

## Analysis

Appellant argues that the evidence was legally insufficient to support his conviction because the State failed to prove that he operated a motor vehicle.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). In making this review, an appellate court considers all evidence in the record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). This standard of review applies to cases involving both direct and circumstantial evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and the standard of review on appeal is the same for both direct and circumstantial evidence cases. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

The jury is the exclusive judge of the credibility of witnesses and the weight of the evidence. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's responsibility to fairly resolve conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id*. Therefore, the testimony of a single eyewitness can be enough to support a conviction. *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). In conducting a sufficiency review, we do not engage in a second evaluation of the weight and credibility of the evidence, but only ensure the jury reached a rational decision. *Young v. State*, 358 S.W.3d 790, 801 (Tex App.—Houston [14th Dist.] 2012, pet. ref'd).

A person commits the offense of felony driving while intoxicated if the person is intoxicated while driving or operating a motor vehicle in a public place and the person has two or more previous convictions for any other offense relating to operating a motor vehicle while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2) (Vernon Supp. 2013).

In challenging the sufficiency of the evidence, appellant does not dispute that he was intoxicated. Appellant argues only that the evidence was legally insufficient to show that he operated the truck because no witness saw him operate it.

To determine whether a defendant operated a vehicle, the totality of circumstances must demonstrate that the defendant took action to affect the functioning of his vehicle that would enable the vehicle's use. *Kirsch v. State*, 357 S.W.3d 645, 650-51 (Tex. Crim. App. 2012). Evidence of an individual's immediate exit from a vehicle's driver or passenger side can be sufficient evidence to determine whether the individual operated a vehicle. *See Jackson v. State*, 645 S.W.2d 303, 306 (Tex. Crim. App. 1983); *Duenez v. State*, 735 S.W.2d 563, 566

(Tex. App.—Houston [1st Dist.] 1987, pet. ref'd).

In *Jackson*, the Court of Criminal Appeals held that the evidence was legally insufficient to support the defendant's conviction for unauthorized use of a motor vehicle because there was no evidence to establish that he operated the vehicle. *Jackson*, 645 S.W.2d at 305. The officer pursuing the vehicle testified that the defendant exited from the passenger side and another individual exited the driver side. *Id.* The court found that there was no evidence to establish that the defendant operated the vehicle. *Id.* at 306.

In *Duenez*, the defendant appealed his conviction for unauthorized use of a vehicle; he argued that the evidence was insufficient to support his conviction because no witness saw him operate the vehicle. *Duenez*, 735 S.W.2d at 564, 566. A witness testified that he saw the defendant exit the vehicle from the driver's side within seconds of the car coming to a halt. *Id.* at 566. The witness also saw a second individual flee the scene, but did not see how the individual left the vehicle. *Id.* The court concluded that evidence indicating the defendant immediately exited from the driver's side was sufficient to establish that he operated the vehicle. *Id.*

Further, circumstantial evidence placing a defendant on the driver's side of a vehicle immediately after an accident was sufficient to prove that the defendant operated the vehicle. *See Hernandez v. State*, 13 S.W.3d 78, 80–81 (Tex. App.—Texarkana 2000, no pet.). In *Hernandez*, a witness saw the defendant walking beside the driver's side of a pickup truck immediately after the accident. *Id.* at 80. Although no witness saw the defendant operate the vehicle, the court held that the jury could infer from the evidence that defendant operated the vehicle. *Id.* at 83.

Because immediate proximity to the driver's side is at least circumstantial evidence of operation of a vehicle, it follows that immediate proximity to the passenger side is at least circumstantial evidence that Guel was not operating the

vehicle. Cast testified that he saw Guel exit the passenger side of the truck immediately after it stopped. Cast further testified that there was no gap in time between when the truck stopped and when Guel exited the truck. A jury reasonably could conclude from this evidence that Guel sat on the truck's passenger side while appellant drove it, and reasonably could reject Guel's proffered explanation to Officer O'Sullivan that she was driving but crawled over appellant to exit on the passenger side immediately after stopping. *See Jackson*, 645 S.W.2d at 306; *Hernandez*, 13 S.W.3d at 80–81; *Duenez*, 735 S.W.2d at 566. Viewing all of the evidence in the light most favorable to the verdict, we conclude the evidence is sufficient to support the finding that appellant was operating a vehicle while intoxicated.

## Conclusion

We affirm the trial court's judgment.


/s/    William J. Boyce
       Justice


Panel consists of Justices Boyce, Christopher and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b)