**Opinion issued July 24, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00439-CR

———————————

**NETTRA R. WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1355432**

---

### MEMORANDUM OPINION

A jury found Nettra R. Williams guilty of the unauthorized use of a motor

vehicle,[1] and the trial court ordered her to serve 150 days' confinement and placed

---

[1] *See* TEX. PENAL CODE ANN. § 31.07 (West 2011) (criminalizing intentionally or knowingly operating another's motor-propelled vehicle without effective consent of owner).

her on community supervision for five years. In two issues, Williams contends that (1) there was insufficient evidence to support her conviction and (2) the trial court erred by instructing the jury on the law of parties. We affirm.

## Background

Williams had worked for a Houston airport rental car company for less than one year when she was fired from her job as an exit-booth employee. As an exit-booth employee, Williams logged the entry and exit of rental cars. One day, Williams filed an exit log for a Dodge Charger, noting that it was owned by another rental company and that the vehicle had been returned to the wrong location. Shortly thereafter, Williams's employer filed a missing vehicle report with the Houston Police Department for the Dodge Charger. The report stated that Williams was the last person to see the missing vehicle.

The rental car company hired a private investigator who eventually located the missing Charger in a Wal-Mart store parking lot. The investigator reported the car to the police, and Houston Police Sergeant E. Blankenship went to the store to investigate. Upon arriving at the store, Blankenship conducted surveillance of the stolen car for over an hour. When Blankenship did not see anyone enter or exit the vehicle, he concluded that it had been abandoned and requested video surveillance footage of the parking lot from the store's asset protection manager, Laura Martinez.

According to Blankenship, the videos showed the stolen vehicle being parked in the store parking lot, Williams exiting the vehicle from the driver's side of the vehicle, Williams meeting a group of people in the parking lot, and the group entering the store. Blankenship also reviewed the photographs of Williams entering the store and making a purchase. From the videos and photographs, Blankenship testified that the same woman who had exited the stolen vehicle later appeared inside of the store making a purchase. According to Blankenship, the rental car company's private investigator later relied on the videos and still photographs to positively identify Williams as the person who exited the stolen vehicle and made a purchase inside of the store.

Williams was charged by indictment with the unauthorized use of a motor vehicle. At trial, the jury heard testimony from Sergeant Blankenship, Martinez, and Scott Vereb, the rental car company Risk Manager. Their testimony provided evidence that Williams did not have consent to drive the Charger and that Williams drove the Charger in the store parking lot.

In her defense, Williams offered evidence that she was not the driver. Her friend, Don Davis, testified that Williams had arranged for him to test drive and purchase the Charger from another person.

At the conclusion of William's defense, the trial court told both parties on the record that she planned to add the law of parties to the charge because Davis

3

had "admitted [that] he was driving the vehicle and that [Williams] arranged for him to meet the person who had the car that he thought was for sale." The trial court also stated that Davis's testimony presented some circumstantial evidence that Davis "would have known the car was stolen" because "normally people don't just give you a car to drive." The trial court included the law-of-parties instruction over Williams's objection.

The jury found Williams guilty of the unauthorized use of a motor vehicle and assessed punishment at 395 days' confinement, but it recommended that the trial court suspend her sentence and place her on community service. The trial court ordered Williams to serve 150 days' confinement as a condition of a five-year term of community supervision.

This appeal followed.

**Sufficiency of the Evidence**

In her first issue, Williams contends that there was insufficient evidence to prove that she was guilty of the unauthorized use of the Charger as a principal actor or under the law of parties. The State responds that there was sufficient evidence of her guilt under either theory.

**A.      Standard of review**

We review Williams's challenge to the sufficiency of the evidence under the standard enunciated in *Jackson v. Virginia,* 443 U.S. 307, 318–20, 99 S. Ct. 2781,

4

2788–89 (1979). *See Brooks v. State,* 323 S.W.3d 893, 894–913 (Tex. Crim. App. 2010); *Ervin v. State,* 331 S.W.3d 49, 52–56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). "Under the *Jackson* standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt." *See Jackson,* 443 U.S. at 317–19, 99 S. Ct. at 2788–89; *Laster v. State,* 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We consider both direct and circumstantial evidence and all reasonable inferences that may be drawn from the evidence in making our determination. *Clayton v. State,* 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The *Jackson* standard defers to the factfinder to resolve any conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from "basic facts to ultimate facts." *Jackson,* 443 U.S. at 318–19, 99 S. Ct. at 2788–89; *Clayton,* 235 S.W.3d at 778. An appellate court presumes that the factfinder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson,* 443 U.S. at 326, 99 S. Ct. at 2793; *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The State need not disprove all reasonable alternative hypotheses that are inconsistent with the defendant's guilt. *Wise*, 364 S.W.3d at 903.

Evidence can be insufficient when (1) the record contains no evidence probative of an element of the offense; (2) the record contains a mere "modicum" of evidence probative of an element of the offense; (3) the evidence conclusively establishes a reasonable doubt; or (4) the acts alleged do not constitute the criminal offense charged. *See Jackson,* 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *Laster,* 275 S.W.3d at 518; *Williams v. State,* 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). If an appellate court finds the evidence insufficient under this standard, it must reverse the judgment and enter an order of acquittal. *See Tibbs v. Florida,* 457 U.S. 31, 41, 102 S. Ct. 2211, 2218 (1982).

**B.     Whether the evidence was sufficient to prove that Williams committed unauthorized use of a motor vehicle**

A person commits an unauthorized use of a vehicle if she "intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX. PENAL CODE ANN. § 31.07 (West 2012).

Williams was charged as follows:

> [O]n or about June 28, 2012, did then and there, unlawfully, intentionally, and knowingly operate a motor-propelled vehicle, namely, an automobile, owned by Scott Vereb, hereafter styled the Complainant, without the effective consent of the Complainant.

Williams contends that the State failed to prove beyond a reasonable doubt that she actually drove the stolen vehicle.

Effective consent includes "consent by a person legally authorized to act for the owner," and consent is not effective when "given by a person the actor knows is not legally authorized to act for the owner . . . ." *Id.* § 31.01(3)(B) (West 2012). Operating a vehicle is only unlawful if the defendant is actually aware that she operates the vehicle without the owner's consent. *Gardner v. State*, 780 S.W.2d 259, 262–63 (Tex. Crim. App. 1989); *Edwards v. State*, 178 S.W.3d 139, 144–45 (Tex. App.—Houston [1st Dist.] 2005, no pet.)

A vehicle owner's testimony that he did not give the defendant consent to drive his vehicle can be sufficient to support a finding that the defendant knew that she did not have consent to operate the vehicle. *McQueen v. State*, 781 S.W.2d 600, 604–05 (Tex. Crim. App. 1989); *Battise v. State*, 264 S.W.3d 222, 227 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).

Aside from whether Williams had effective consent, Williams contends that there is insufficient evidence that she actually drove the Charger because every State witness "admitted that they did not see who was driving the [stolen car]." But evidence that a defendant exited the driver's side of a vehicle is sufficient to prove intentional or knowing operation of that vehicle. *Duenez v. State*, 735 S.W.2d 563, 566 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd); *see also Dickson v. State*, 642 S.W.2d 185, 189 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd).

7

In *Duenez*, there was sufficient evidence that the defendant had operated a stolen vehicle when a police officer testified that, while he did not see the defendant's face while driving, he did see the defendant exit the vehicle from the driver's side of the vehicle "within seconds" after the vehicle came to an "abrupt halt." 735 S.W.2d at 566. Viewing this evidence in the light most favorable to the verdict, the appellate court concluded that the jury accepted the officer's version of the facts and that the defendant offered "no reasonable hypothesis other than guilt" to explain the officer's testimony. *Id.*

Like *Duenez*, the evidence was sufficient to show beyond a reasonable doubt that Williams intentionally or knowingly operated Vereb's vehicle without his consent. *See McQueen*, 781 S.W.2d at 604–05 (holding that factfinder may reject defendant's testimony and choose instead to believe other evidence that defendant drove vehicle). Vereb testified that, as risk manager, he had ownership or possession of the Dodge Charger and the authority to grant access to the vehicle. He further testified that neither he, nor any other authorized employee, had given Williams consent to drive the Charger. *See id.* (noting vehicle owner's testimony that he did not give anyone consent to drive vehicle was sufficient to prove that defendant did not have consent to drive that vehicle).

The State also presented evidence that Williams exited the driver's side of the stolen car immediately after it was parked, supporting its reasonable conclusion

that Williams drove the stolen vehicle. *See Duenez*, 735 S.W.2d at 566; *Dickson*, 642 S.W.2d at 189. Sergeant Blankenship and Martinez, the store's asset protection manager, both testified that the store's video surveillance footage showed the stolen Dodge Charger pulling into the parking lot and a woman exiting from the driver's side of the vehicle. According to their testimony, the same woman who exited the Charger entered the store, made a purchase, and left the store with a group of people. According to Blankenship, the car rental company's private investigator positively identified Williams as the woman in the video.

Williams counters that the State failed to prove beyond a reasonable doubt that she drove the Charger because Davis offered conflicting evidence that he drove the vehicle and that Williams rode to the store in another vehicle.

The State has no obligation to disprove every plausible theory to account for the evidence that Williams appeared outside of the stolen car just moments after the car was parked. *Wise*, 364 S.W.3d at 903; *Cantu v. State*, 395 S.W.3d 202, 207 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). We presume that the jury reconciled any conflicts in testimony, determined the weight that should be given to the evidence, and made reasonable inferences drawn from the facts. *Williams*, 235 S.W.3d at 750. Accordingly, we conclude that, when viewed in the light most favorable to the verdict, the evidence was sufficient to support the jury's

9

conclusion that Williams drove the Charger and, therefore, was guilty of the unauthorized use of a motor vehicle.[2]

## Jury Charge

Williams next contends that the trial court erred in instructing the jury on the law of parties over her objection.

### A.    Standard of review

A trial court has a duty and responsibility to instruct the jury on "the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). An erroneous jury charge requires reversal when the defendant has properly objected to the charge and we find "some harm" to his rights. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *McIntosh v. State*, 297 S.W.3d 536, 542 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

### B.    Harmlessness of charge error, if any

Because we have concluded that there was sufficient evidence that Williams committed the offense of unauthorized use of a motor vehicle as a principal actor, even assuming that the law-of-parties instruction was erroneous, any error was harmless. *See Ladd v. State*, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999); *Nelson v. State*, 405 S.W.3d 113, 126 (Tex. App.—Houston [1st Dist.] 2013) (holding that

---

[2]    We do not reach the issue of whether there was sufficient evidence that Williams was guilty of the unauthorized use of a vehicle under the law of parties because we conclude that there was sufficient evidence of her guilt as a principal actor.

10

any charge error in instruction related to law of parties was harmless because there was sufficient evidence to support defendant's guilt as principal actor).

Accordingly, we overrule Williams's second issue.

## Conclusion

Having overruled both of Williams's issues, we affirm.


Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).