ACCEPTED
02-15-00207-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
12/30/2015 10:11:30 AM
DEBRA SPISAK
CLERK

# IN THE COURT OF APPEALS FOR THE
## SECOND DISTRICT OF TEXAS AT FORT WORTH

| | | |
|---|---|---|
| **JAMES ROBINSON,** | § | |
| APPELLANT | § | |
| | § | |
| **v.** | § | **No. 02-15-00207-CR** |
| | § | |
| | § | |
| **THE STATE OF TEXAS,** | § | |
| APPELLEE | § | |

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
12/30/2015 10:11:30 AM
DEBRA SPISAK
Clerk

---

## STATE'S BRIEF

---

FROM COUNTY CRIMINAL COURT NO. 5
DENTON COUNTY, TEXAS
TRIAL CAUSE NUMBER CR-2012-04882-E
THE HONORABLE COBY WADDILL, JUDGE, PRESIDING

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

*Oral argument is requested
only if Appellant is
requesting argument.*

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division
State Bar No. 24013067
1450 East McKinney, Suite 3100
Denton, Texas 76209
(940) 349-2600
FAX (940) 349-2600
catherine.luft@dentoncounty.com

**BRITNEY TOMBERLIN**
**WENDY CORREA**
Assistant Criminal District Attorneys

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................ ii

STATEMENT OF THE CASE .......................................................................... 1

STATEMENT OF FACTS ................................................................................ 2

SUMMARY OF THE STATE'S ARGUMENTS .................................................. 4

STATE'S RESPONSE TO APPELLANT'S POINT OF ERROR ONE
(SUFFICIENCY) ............................................................................................ 5

    Appellant's Contention .............................................................................. 5

    State's Reply .............................................................................................. 5

    Argument And Authorities ........................................................................ 5

        Standard of Review / Pertinent Law ..................................................... 5

        The evidence was legally sufficient to
        support the jury's guilty verdict ............................................................ 6

CONCLUSION AND PRAYER ........................................................................ 10

CERTIFICATE OF COMPLIANCE .................................................................. 10

CERTIFICATE OF SERVICE .......................................................................... 11

# INDEX OF AUTHORITIES

## Cases

*Bigby v. State*
892 S.W.2d 864 (Tex. Crim. App. 1994) *overruled in part
on other grounds by Tennard v. Dretke* 542 U.S. 274,
124 S. Ct. 2562, 159 L. Ed. 2d 384 (2004) ............................................................. 9

*Brooks v. State*
323 S.W.3d 893 (Tex. Crim. App. 2010) ............................................................. 5, 6

*Carrasquillo v. State*
No. 01-10-00217-CR, 2011 Tex. App. LEXIS 8943
(Tex. App.—Austin Nov. 10, 2011, pet. dism'd)
(not designated for publication) ............................................................................. 8

*Denton v. State*
911 S.W.2d 388 (Tex. Crim. App. 1995) ................................................................ 6

*Dickson v. State*
642 S.W.2d 185 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd.) ................... 8

*Duenez v. State*
735 S.W.2d 563 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd) .................... 8

*Hernandez v. State*
939 S.W.2d 173 (Tex. Crim. App. 1997) (en banc) (same) .................................. 9

*Jackson v. Virginia*
443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) ..................................... 5, 6

*Kirsch v. State*
357 S.W.3d 645 (Tex. Crim. App. 2012) ................................................................ 6

*Middlebrook v. State*
803 S.W.2d 355 (Tex. App.—Fort Worth 1990, pet. ref'd) .................................... 8

*Priego v. State*
    457 S.W.3d 565 (Tex. App.—Texarkana 2015, pet. ref'd)............................... 6

*Santos v. State*
    No. 01-94-01063-CR, 1995 Tex. App. LEXIS 3079
    (Tex. App.—Houston [1st Dist.] Dec. 7, 1995, no pet.)
    (not designated for publication)................................................................ 8

*Tennard v. Dretke*
    542 U.S. 274, 124 S. Ct. 2562, 159 L. Ed. 2d 384 (2004) ............................. 9

iii

# IN THE COURT OF APPEALS FOR THE
## SECOND DISTRICT OF TEXAS AT FORT WORTH

**JAMES ROBINSON,**
  APPELLANT

  v.

**THE STATE OF TEXAS,**
  APPELLEE

§
§
§
§
§
§
§
§

**No. 02-15-00207-CR**

---

## STATE'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

## <u>STATEMENT OF THE CASE</u>

The Charge ................................................................... Driving While Intoxicated
(C.R. at 7)
Tex. Penal Code § 49.04

The Plea ................................................................................. Not Guilty
(3 R.R. at 15; 4 R.R. at 39; C.R. at 095-096)

The Verdict (Jury) .................................................................. Guilty
(5 R.R. at 45; C.R. at 095-096)

The Punishment (Judge)............... 360 Days in County Jail, Probated for 20 Months
(5 R.R. at 59-60; C.R. at 095-096)

1

## STATEMENT OF FACTS

At approximately 1:47 one morning, as Officer Putman sat in his car in a parking lot with his windows down working on reports, he heard a male and a female arguing nearby (4 R.R. at 16-17, 77-89, 102-03, 110). Officer Putman saw a male standing near a car stopped in the far right lane on Eldorado Parkway a short distance from where Eldorado intersects with Legacy Drive (4 R.R. at 17, 64, 97-98). The male appeared upset and was using profanity, and the female was walking west on Eldorado away from the car (4 R.R. at 17, 64, 66). Officer Putman began putting his paperwork away and subsequently saw the car move from Eldorado, turn right onto Legacy, and then stop on Legacy (4 R.R. at 17, 90-91, 97, 110-11). The female was still walking west on Eldorado (4 R.R. at 17-18, 97-99, 111).

Once Officer Putman had put his paperwork aside, he drove past the car where it was parked on Legacy (4 R.R. at 18, 96, 98, 104, 107-08). The male, Appellant, was now outside by the driver's side of the vehicle and he then appeared to walk after the female, his wife (4 R.R. at 19-20, 63-64, 66, 77, 98). At some point, however, Appellant's path changed, and he trotted across Eldorado and went behind a trailer where he appeared to be hiding (4 R.R. at 20-21, 23). When Officer Putman made contact with him, Appellant seemed really flustered and the officer could immediately smell an alcoholic beverage on him (4 R.R.

2

at 23, 28, 99-100). Appellant told the officer that it had been a few hours since he had had any alcohol, but he later told the officer that he was a nondrinker (4 R.R. at 23). Appellant's shirt was wet and he told the officer that he had taken a big drink and had spilled some (4 R.R. at 23-24, 27). Appellant's eyes were bloodshot and glassy, and he slurred his words at times and spoke as though he was talking with a thick tongue (4 R.R. at 27-28). Appellant became argumentative when the officer began asking him questions about alcohol, and he told Officer Putman that it was not against the law to be drunk in America (4 R.R. at 26-27; *see* 4 R.R. at 31-32). He also refused to take any field sobriety tests (4 R.R. at 26-27). Officer Putman arrested Appellant and took him to the department's Intoxilyzer room where Appellant refused to give a breath specimen (4 R.R. at 28-31, 50-51; *see* State's Exhibit 1).

## SUMMARY OF THE STATE'S ARGUMENTS

### *State's Reply To Appellant's Point Of Error One*

The evidence was sufficient to show that Appellant operated the vehicle as there was evidence to support that Officer Putman saw Appellant get out of the driver's seat after the car pulled up on Eldorado, get back into the car as the female was walking, and make a turn. Additionally, Appellant's wife told an officer that "I don't really get why he stopped the car. I told him to go ahead and go on and let me walk."

4

## STATE'S RESPONSE TO APPELLANT'S POINT OF ERROR ONE
### (SUFFICIENCY)

### Appellant's Contention

The evidence was legally insufficient to support the jury's guilty verdict. Specifically, the evidence was insufficient to show that Appellant operated the vehicle.

### State's Reply

The evidence was legally sufficient to show that Appellant operated the vehicle.

### Argument And Authorities

#### Standard of Review / Pertinent Law

When reviewing whether there was sufficient evidence to support a conviction, an appellate court looks at the evidence presented in the light most favorable to the verdict and determines whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). The jury is the sole judge of the witnesses' credibility and of the weight to be given to their testimony and therefore, a reviewing court defers to the jury's determinations on these matters rather than substituting its own judgment. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). When the evidence

in the record can support conflicting inferences, a reviewing court assumes that the jury resolved the conflict in favor of the prosecution, regardless of whether that resolution affirmatively appears on the record. *Brooks*, 323 S.W.3d at 900, n.13 (quoting *Jackson*, 443 U.S. at 326).

Although the Penal Code does not define the word "operate," for sufficiency reviews, a person "'operates' a vehicle when 'the totality of the circumstances [ ] demonstrate that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use.'" *Kirsch v. State*, 357 S.W.3d 645, 650-51 (Tex. Crim. App. 2012) (quoting *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995)); *see Priego v. State*, 457 S.W.3d 565, 569 (Tex. App.—Texarkana 2015, pet. ref'd) (stating that term operating is interpreted broadly).

**The evidence was legally sufficient to support the jury's guilty verdict.**

The evidence adduced at trial was sufficient to show that Appellant operated the vehicle.[1] Although Officer Putman said he did not see, or could no longer remember seeing, Appellant get out of the driver's seat and/or car at the time of trial, during a license suspension hearing, and during a motion-to-suppress hearing (2 R.R. at 10, 22-23; 4 R.R. at 60-64, 73-77, 100-102, 108-110), he can be heard on the recording from his patrol car at the time of the offense – approximately

---

[1] Appellant does not challenge the jury's finding that he was intoxicated.

6

three-and-a-half years before trial - telling Appellant that he saw him get out of the driver's seat and telling another officer that he saw Appellant get out of the driver's seat after the car pulled up on Eldorado, and then saw him get back into the car as the female was walking and make "that turn right there, trying to cut her off" (*see* State's Exhibit 2 [Putman's In Car Video] at 02:01:56, 02:03:56).[2] Officer Putman testified at trial that the statements he made on the video were accurate and that one's memory was typically better at the time the actual events were occurring (4 R.R. at 102). Additionally, Officer Putnam included in his report, made within hours of the offense, that he observed Appellant get out of the driver's side of the vehicle (4 R.R. at 73-76, 109-110). And Officer Putman was still sure at the time of trial that he saw Appellant standing by the driver's side of the vehicle when his wife was walking across the road (4 R.R. at 77). He also testified that he saw the vehicle moving when the female was not in it (4 R.R. at 100, 111).

Officer Tyler Tibbitts also testified at trial (4 R.R. at 123). When he arrived on the scene he was prompted to find and make contact with Appellant's wife (4 R.R. at 126; State's Exhibit 4 [Tibbitts' In Car Video]). On the recording from Tibbitts' patrol car, Appellant's wife can be heard telling Tibbitts that she was

---

[2] Appellant said "you didn't see me driving while intoxicated" to which Officer Putman responded "Yes sir I did. I was in the parking lot when you two got in your argument and you got out of the driver's seat of that car." (State's Exhibit 2 at 02:01:56).

walking home and had wanted Appellant to drive home (State's Exhibit 4 at 01:54:00) and that "I don't really get why he stopped the car. I told him to go ahead and go on and let me walk." (State's Exhibit 4 at 01:54:26). The evidence was sufficient to show that Appellant operated the vehicle. *See Dickson v. State*, 642 S.W.2d 185 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd.) (evidence supported an inference that defendant was operating the vehicle where appellant was seen exiting the driver's side door immediately after the vehicle came to a stop); *see also Middlebrook v. State*, 803 S.W.2d 355, 360 (Tex. App.—Fort Worth 1990, pet. ref'd); *Duenez v. State*, 735 S.W.2d 563, 566 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd); *Carrasquillo v. State*, No. 01-10-00217-CR, 2011 Tex. App. LEXIS 8943, at **15-19 (Tex. App.—Austin Nov. 10, 2011, pet. dism'd) (not designated for publication); *Santos v. State*, No. 01-94-01063-CR, 1995 Tex. App. LEXIS 3079 (Tex. App.—Houston [1st Dist.] Dec. 7, 1995, no pet.) (not designated for publication).

Further, although Appellant repeatedly told Officer Putman that he had not been driving and that the officer had not seen him driving, Appellant made several inconsistent statements to Officer Putman from which a jury could have questioned his credibility. For example, it is clear from the evidence admitted at trial that Appellant was intoxicated, but Appellant went from telling the officer that he had a few drinks a few hours before and saying that there was nothing illegal about being

8

drunk in America, to telling the officer that he was a non-drinker (*see* 4 R.R. at 23; State's Exhibit 2 at 01:52:34, 01:53:14, 02:00:41). Appellant also went from saying that his wife had driven the car to saying that she had not driven the car (State's Exhibit 2 at 01:53:56, 02:06:06). Additionally, Appellant denied that the car was even his (4 R.R. at 28; State's Exhibit 2 at 01:52:00, 01:54:00, 02:06:19).[3]

Further, the evidence supports that Appellant attempted to hide from Officer Putman when the officer began to investigate the disturbance (*see* 4 R.R. at 19-21, 23; State's Exhibit 2 at 01:50:00, 01:51:32, 01:55:11, 02:04:21). The jury could have inferred Appellant's consciousness of guilt from his efforts to avoid apprehension. *See Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994), *overruled in part on other grounds by Tennard v. Dretke*, 542 U.S. 274, 124 S. Ct. 2562, 159 L. Ed. 2d 384 (2004) (holding that evidence of flight is admissible as a circumstance from which a jury may draw an inference of guilt); *Hernandez v. State*, 939 S.W.2d 173, 178 (Tex. Crim. App. 1997) (en banc) (same).

Accordingly, the State requests that this Court overrule Appellant's sole point of error.

---

[3]     His wife later testified that the car actually belonged to a friend (4 R.R. at 161-162).

## CONCLUSION AND PRAYER

Appellant's trial was without reversible error. The State prays that Appellant's conviction and sentence be affirmed.

Respectfully submitted,

**PAUL JOHNSON**
Criminal District Attorney
Denton County, Texas

_Catherine Luft_

**CATHERINE LUFT**
Assistant Criminal District Attorney
Chief, Appellate Division
State Bar No. 24013067
1450 East McKinney, Suite 3100
Denton, Texas 76209
(940) 349-2600
FAX (940) 349-2751
catherine.luft@dentoncounty.com

## CERTIFICATE OF COMPLIANCE

The State certifies that the State's Brief in the instant cause contained a word count of 1723, said count being generated by the computer program Microsoft Word that was used to prepare the document.

_Catherine Luft_

**CATHERINE LUFT**

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been sent by United States Mail, postage prepaid, to counsel for Appellant, Tom Pappas, 900 Jackson Street, Suite 330, Dallas, Texas 75202, on this, the 30th day of December 2015.

**CATHERINE LUFT**